UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

```
───────────────────────────────────────
MISH INT'L MONETARY INC.,              :
on behalf of itself and                :
all others similarly situated,         :
                                       :    Case No. 20-cv-04577
         v.                            :
                                       :    Judge Gary Feinerman
VEGA CAPITAL LONDON, LTD.              :    Magistrate Judge Jeffrey T. Gilbert
and JOHN DOES 1-100.                   :
                                       :
───────────────────────────────────────x
```

## JOINT INITIAL STATUS REPORT
## PURSUANT TO RULE 26(f)

Pursuant to the Court's August 5, 2020 Order (ECF No. 4) and Fed. R. Civ. P. 26(f), Plaintiff Mish International Monetary Inc. ("Plaintiff" or "Mish"), through its undersigned counsel, and Defendant Vega Capital London, Ltd. ("Defendant" or "Vega"), through its undersigned counsel, respectfully submit this Initial Status Report. The parties initially conferred by telephone on September 22, 2020, pursuant to Rule 26(f), and thereafter worked to prepare this Initial Status Report.

**A.     Nature of the Case**

1.     Attorneys of record, and lead trial counsel, for each party are as follows:

| *Counsel for Plaintiff* | *Counsel for Defendant* |
|---|---|
| Christopher Lovell (*Lead Trial Counsel*)<br>Christopher M. McGrath<br>**Lovell Stewart Halebian Jacobson LLP**<br><br>Marvin A. Miller<br>Andy Szot<br>**Miller Law LLC** | Michael P. Kelly (*Lead Trial Counsel*)<br>Amy Graham Doehring<br>Joel S. Forman<br>Meghan K. Boland<br>**Akerman LLP** |

2.     The basis for federal jurisdiction over this action includes Section 22 of the Commodity Exchange Act, ("CEA"), 7 U.S.C. §25, Section 4 of the Clayton Act, 15 U.S.C. §15, and 28 U.S.C. §§1331 and 1337.

3.     Plaintiff alleges as follows. Between at least April 20, 2020 and April 21, 2020, Defendant Vega and John Does 1-100 ("Defendants") acted to intentionally manipulate the prices of New York Mercantile Exchange ("NYMEX") West Texas Intermediate ("WTI") crude oil futures contracts in violation of the CEA and the Sherman Antitrust Act, 15 U.S.C. §1 *et seq*. ("Sherman Act"). Complaint (ECF No. 1) ¶7. On April 20, 2020, the price of the NYMEX WTI crude oil futures contract traded at a negative price for the first time in history and the price of the May 2020 WTI futures contract—the contract that traded negative—exhibited a trading range of $58.17 a barrel, a 40 standard deviation event. *Id*. ¶¶1-3. On that same day, April 20, at least a dozen traders associated with Defendant Vega worked together to aggressively sell May 2020 WTI crude oil futures contracts and other related instruments for the purpose of depressing the price (including the settlement price) of the May 2020 WTI futures contract. *Id*. ¶¶8-11. Defendant's aggressive selling so as to register the lowest possible prices for the May 2020 WTI futures contract was uneconomic and contrary to standard and rational practice to seek to sell for the highest possible price. *Id*. However, prior to the foregoing aggressive selling on April 20, 2020, numerous traders associated with Defendant Vega purchased a large volume of Trading at Settlement ("TAS") contracts. *Id*. These TAS contracts gave Defendant Vega the right to purchase May 2020 contracts at a price that would later be determined by the settlement price of the May 2020 contract at the close of trading on April 20, 2020. *Id*. The lower the price of the May 2020 contract on April 20, the lower the price that Defendant Vega's traders were obligated to pay to purchase the TAS contracts. *Id*. On April 20, the price of the May 2020 WTI crude oil

1

futures contract settled at a price of negative -$37.63 a barrel. *Id.* ¶¶1-2. Defendant Vega reportedly profited by as much as $500 million on its trading on April 20. *Id.* ¶12

Plaintiff has asserted five claims: two claims for manipulation in violation of the CEA, one claim for principal-agent liability in violation of the CEA, one claim for aiding and abetting liability in violation of the CEA and one claim for violation of Section 1 of the Sherman Act. *Id.* ¶¶64-86. Plaintiff seeks the following relief: declaratory judgments that Defendants violated the CEA and Sherman Act, an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, designating Plaintiff as the Class representative and his counsel as Class counsel, a judgment awarding Plaintiff and the Class damages against Defendants for their violations of the CEA and Sherman Act (including treble damages), prejudgment interest at the maximum rate allowable by law, an award to Plaintiff and the Class for their costs of suit, including reasonable attorneys' fees, expert fees and expenses, and such other and further relief as the Court may deem just and proper. *Id.* at 15-16.

4. Defendant Vega's response to the complaint is due on November 27, 2020. Defendant intends to move to dismiss the complaint for failure to state a claim, among other reasons. Because it claims that there was "an artifice to defraud," Plaintiff's complaint must plead its claims with particularity under Rule 9(b). Plaintiff's complaint fails to do so. Among other reasons, it fails to allege who specifically made the allegedly manipulative trades in the scheme to defraud; the specific times when these trades were allegedly made; and how these specific trades would have affected a market shaped by traders throughout the world during a worldwide pandemic and depression, during a time when there was not enough physical storage or demand for oil, and at a time when the Chicago Mercantile Exchange ("CME") publicly announced it was permissible for oil to trade in negative numbers. Defendant anticipates that it will develop additional grounds to dismiss the complaint when it files the motion to dismiss. Plaintiff intends to oppose Defendant's motion to dismiss and believes its complaint satisfies the pleading standards of Rule 8(a) (which applies here) and also Rule 9(b) (which does not apply).

5. Plaintiff believes that the principal legal and factual issues include whether Defendants intentionally caused NYMEX WTI crude oil futures prices to be artificial, whether Defendant and any of the John Doe Defendants combined, conspired and agreed to manipulate or fix NYMEX WTI crude oil futures prices and whether this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23.

Defendant believes that the principal legal and factual issues include whether the NYMEX WTI crude oil future prices were artificial, whether Defendant had the ability to influence prices, whether anyone caused oil futures to be traded at an artificial rate, whether Defendant had fraudulent or other improper intent, whether the oil futures market was responding to other factors (including a global pandemic, a shortage of space for storage of oil, a lack of demand for oil, difficult economic conditions as a result of the pandemic and a worldwide shutdown, the effect of the CME announcement that oil futures could be traded in negative prices, or any other factors), whether Defendant entered into a contract, combination, or conspiracy with anyone, whether trade was restrained as a result of the trading of Defendant or any associated traders, whether there were any damages, and whether this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23.

6. Defendant has executed a waiver of the service of summons. ECF No. 9.

**B. Proceedings to Date**

1. No substantive rulings have been made to date.

2. There are currently no pending motions.

**C. Discovery and Case Plan**

1. The parties disagree about when discovery should commence. Plaintiff believes discovery may and should commence now as provided for by the Federal Rules of Civil Procedure, including Rules 26(d)(1)-(2), given that the parties have conferred as required by Rule 26(f) and it has been more than 21 days since the summons and complaint were served on Defendant. Accordingly, Plaintiff has issued a Rule 34 document request to Defendant seeking production of any documents or other information Defendant may have previously produced to the Commodity Futures Trading Commission ("CFTC"), the CME, the NYMEX or other regulators. Defendant believes that the Court should stay discovery until it has an opportunity to consider Defendant's forthcoming motion to dismiss under Rule 9(b). Because Defendant believes that it is contrary to the Federal Rules of Civil Procedure for discovery to proceed before a party has an opportunity to file a motion to dismiss under Rule 9(b), Defendant believes Plaintiff's request and initial disclosures pursuant to Rule 26(a)(1) should be stayed pending the Court's ruling on the forthcoming motion to dismiss. No other formal or informal discovery has occurred to date.

2. The parties anticipate that discovery will encompass electronically stored information ("ESI"). The parties confirmed during the Rule 26(f) conference that they have taken steps to preserve ESI relevant to the claims or defenses in this action.

3. Plaintiff and Defendant have proposed different schedules for the Court's consideration. The principal difference in the parties' proposed schedules arises from the disagreement as to whether discovery should begin now or after the Court decides the motion to dismiss. Both parties agree that there should be a substantial discovery period as each side will likely be seeking discovery from participants in the market that day (who will be located all over the world), both with respect to class certification and merits issues, and that the case will likely require substantial expert testimony.

| **Plaintiff's Proposed Schedule** | **Defendant's Proposed Schedule** |
|---|---|
| *Initial disclosures.* The parties exchange initial disclosures pursuant to Rule 26(a)(1) by October 6, 2020. | *Initial disclosures.* The parties exchange initial disclosures pursuant to Rule 26(a)(1) within 30 days after the Court decides Defendant's forthcoming motion to dismiss (if Plaintiff has stated a claim). |

| | |
|---|---|
| *Motion to dismiss*. Defendant moves to dismiss the Complaint by November 27, 2020. Plaintiff files its opposition by January 26, 2021. Defendant files any reply by February 26, 2021. | *Motion to dismiss*. Same. |
| *Class certification*. Plaintiff files its motion for class certification, including any expert reports, 20 months after Defendant begins producing documents responsive to Plaintiff's requests for production. Defendant files its opposition, including any expert reports, 60 days after Plaintiff's class certification motion. Plaintiff files its reply, including any rebuttal expert reports, 60 days after Defendant's opposition. | *Class certification*. Plaintiff files its motion for class certification, including any expert reports, 20 months following the Court's ruling on Defendant's motion to dismiss (if applicable). Defendant files its opposition, including any expert reports, 60 days after Plaintiff's class certification motion. Plaintiff files its reply, including any rebuttal expert reports, 60 days after Defendant's opposition. |
| *Amended pleadings*. The deadline to amend the pleadings, including by adding additional parties, is 60 days prior to the close of fact discovery. | *Amended pleadings*. Same |
| *Completion of fact discovery*. Fact discovery closes 24 months after Defendant begins producing documents responsive to Plaintiff's requests for production. The deadline for issuing written discovery requests is 30 days prior to the close the fact discovery. | *Completion of fact discovery*. Fact discovery closes 24 months after the Court rules on the motion to dismiss. The deadline for issuing written discovery requests is 30 days prior to the close the fact discovery. |
| *Merits expert discovery*. Merits expert reports to be served 60 days after the completion of fact discovery. Responsive merits expert reports to be served 60 days after initial merits expert reports. Rebuttal expert reports to be served 60 days after responsive merits expert reports. | *Merits expert discovery*. Merits expert reports to be served 60 days after the completion of fact discovery. Responsive merits expert reports to be served 60 days after initial merits expert reports. Rebuttal expert reports to be served 60 days after responsive merits expert reports. |
| *Summary judgment*. Summary judgment motions to be filed 60 days after the completion of merits expert discovery. Oppositions to summary judgment motions to be filed 60 days after summary judgment motions. Replies in support of summary judgment to be filed 45 days after oppositions to summary judgment. | *Summary judgment*. Summary judgment motions to be filed 60 days after the completion of merits expert discovery. Oppositions to summary judgment motions to be filed 60 days after summary judgment motions. Replies in support of summary judgment to be filed 45 days after oppositions to summary judgment. |

4.      Plaintiff has requested a trial by jury.  Complaint, p. 16.

5.      The parties estimate that a jury trial would take approximately 2-4 weeks.

**D.     Settlement**

1.      The parties discussed the issue of settlement, as required by Rule 26(f).  However, the parties do not currently believe pursuing settlement at this early stage would be fruitful.

2.      The parties do not request a settlement conference.

**E.     Magistrate Judge**

1.      The parties do not consent to proceed before a magistrate judge for all purposes.

2.      No matters have been referred to a magistrate judge.

**F.     Additional Issues**

1.      The parties discussed the following additional topics in connection with the Rule 26(f) conference.   Plaintiff has undertaken to prepare a proposed protective order, which will address privilege and waiver issues, and a proposed protocol for the collection and production of ESI.  Plaintiff has also undertaken to prepare a proposed order and stipulation concerning certain limitations on expert discovery.  The parties also discussed that each side anticipates needing more than 10 depositions.  Accordingly, absent a stipulation, the parties reserve the right to move the Court at a later date (if necessary) for leave to take depositions beyond the ten (10) depositions permitted by Fed. R. Civ. P. 30(a).

Dated: October 2, 2020

Respectfully submitted,

*/s/ Marvin A. Miller*
Marvin A. Miller
**Miller Law LLC**
115 S. LaSalle Street, Suite 2910
Chicago, Illinois 60603
312.332.3400
mmiller@millerlawllc.com

Christopher Lovell
**Lovell Stewart Halebian Jacobson LLP**
500 Fifth Avenue, Suite 2440
New York, New York 10110
212-608-1900
clovell@lshllp.com

*/s/ Amy Graham Doehring*
Amy Graham Doehring
**Akerman LLP**
71 S. Wacker Drive, 47th Floor
Chicago, IL 60606
(312) 634-5700
amy.doehring@akerman.com

Michael P. Kelly
**Akerman LLP**
750 Ninth Street, N.W., Suite 750
Washington, DC 20001
(202) 393-6222
michael.kelly@akerman.com

| *Counsel for Plaintiff Mish International Monetary Inc.* | Joel S. Forman<br>Meghan K. Boland<br>**Akerman LLP**<br>520 Madison Avenue, 20th Floor<br>New York, NY 10022<br>(212) 880-3800<br>joel.forman@akerman.com<br>meghan.boland@akerman.com<br><br>*Counsel for Defendant Vega Capital London, Ltd.* |