**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MISH INT'L MONETARY INC., on behalf of itself and all others similarly situated, | x : : | |
| | : | Case No. 20-cv-04577 |
| *v*. | : | |
| | : | Judge Gary Feinerman |
| VEGA CAPITAL LONDON, LTD. and JOHN DOES 1-100. | : : x | Magistrate Judge Jeffrey T. Gilbert |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Mish International Monetary Inc. ("Plaintiff" or "Mish"), through its undersigned counsel, and Defendant Vega Capital London, Ltd. ("Defendant" or "Vega"), through its undersigned counsel, have agreed to the terms of this Stipulated Protective Order ("Order") in order to facilitate the exchange of confidential information in connection with the above captioned action;

WHEREAS, the Court has reviewed the terms of this Order and finds the terms herein fair and reasonable;

WHEREFORE, it is hereby ORDERED as follows:

1. **SCOPE.**

1.1. **Any information produced in the course of discovery of this case will be used solely for the purpose of this litigation and for no other purpose.**

1.2. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order

concerning confidential information as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

1.3. The protections conferred by this Order cover not only Protected Material (as defined below), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel in settings that might reveal Protected Material. However, this Order shall not be construed to cause any counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

2. **DEFINITIONS.**

2.1. Confidential Information: Documents, information (regardless of how generated, stored or maintained) or tangible things that, in good faith, qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including but not limited to confidential personal information, medical or psychiatric information, personnel records or other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as Confidential Information.

2.2. Highly Confidential Information: Documents, information (regardless of how generated, stored or maintained) or tangible things that contain trade secrets or other highly sensitive competitive or highly sensitive confidential information the disclosure of which is reasonably likely to result in demonstrable harm to the Designating Party, such as financial information relating to costs, unpublished pricing information, unpublished plans to buy or sell a business or business unit, and the like, or in demonstrable harm to individuals who are not parties to this suit, such as, but not limited to the identity of the individual traders.

2.3. Receiving Party: a party that receives Protected Material from a Producing Party.

2.4. Producing Party: a party or non-party that produces Protected Material in this action.

2.5. Designating Party: a party or non-party that designates information or items in this litigation as "Confidential" or "Highly Confidential."

2.6. Protected Material: any Discovery Material that is designated as "Confidential" or as "Highly Confidential."

2.7. Outside Counsel: attorneys, along with their paralegals, and other support personnel, who are not employees of a party but who are retained to represent or advise a party in this action.

2.8. In-House Legal Personnel: attorneys and other personnel employed by a party to perform legal functions and who are responsible for overseeing this litigation for the party.

2.9. Designated Business Personnel: senior business personnel employed by or formerly employed by a party and who are responsible for making decisions with regard to management of this litigation or who have knowledge critical to this litigation.

2.10. Counsel (without qualifier): Outside Counsel and In-House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, contractors and investigators).

2.11. Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **DESIGNATING PROTECTED MATERIAL.**

3.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates "Confidential" or "Highly Confidential" information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and avoid indiscriminate designations.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or changing the mistaken designation.

3.2 Form and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection as "Confidential" or "Highly Confidential" under this Order must be clearly so designated before the material is disclosed or produced. Notwithstanding the preceding sentence, should a Producing Party discover that it produced Discovery Material that was not designated as Protected Material or that it produced Discovery Material designated in the incorrect category of Protected Material, the Producing Party may notify all Receiving Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in

designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

1. for documents (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on each document that contains protected material.

2. for testimony given in deposition, that a party, or a non-party that sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," either on the record before the deposition is concluded, or in writing on or before the later of (i) thirty (30) days after the final transcript is received or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e). The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court. Transcripts containing testimony designated Confidential or Highly Confidential shall have the following notation on the cover page: NOTE: THIS DEPOSITION IS SUBJECT TO PROTECTIVE ORDER and contain a copy of the Party's or Non-Party's designations as part of the official transcript. Any

        reproductions of a transcript or portion of a transcript containing designated information shall be appropriately labeled.

c. for information produced in electronic or video format, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers or in any electronic repository or electronic document in which the information or item is stored the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", as appropriate, in addition to the information or tangible items themselves.

3.3 Failures to Designate. If corrected, a failure to designate Discovery Material or items as "Confidential" or "Highly Confidential" does not waive the Designating Party's right to secure protection under this Order for such Discovery Material. If Discovery Material is re-designated as "Confidential" or "Highly Confidential" after such material is initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that such material is treated in accordance with the provisions of this Order.

**4. ACCESS TO AND USE OF DISCOVERY AND PROTECTED MATERIAL.**

4.1 Basic Principles. A Receiving Party may use and disclose Discovery Material only in connection with prosecuting, defending, or attempting to settle this action, including any appeal thereof, and not for any other business, commercial or other purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

4.2 Protection of "CONFIDENTIAL" Discovery Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" only to:

a. Counsel. The Receiving Party's Counsel, as well as employees and contractors of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

b. Parties. The parties to this action, as well as the parties' employees, and, with respect to "CONFIDENTIAL" Discovery Material that was produced by a non-party, also to such non-party and its employees;

c. Court. The Court and its personnel;

d. Court Reporters and Recorders and Vendors. Stenographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

e. Consultants, Investigators and Experts. Experts and/or Consultants with respect to each of whom agree to be bound by this Protective Order and have completed the certification contained in Attachment A;

f. Others. (1) The author, addressees, or recipients of the document, (2) any other natural person whom there is a good faith basis to believe did review such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document, or (3) any other

person whom the Producing Party or Designating Party agrees in writing may have access to "CONFIDENTIAL" Discovery Material;

g. Witnesses. Any witness who counsel for a party in good faith believes may be called to testify at trial, hearing or deposition in this action or is called to testify at trial, hearing or deposition in this action, provided such person, prior to disclosure, either completes the certification contained in Attachment A, in which the witness agrees to be bound by this Protective Order, or is provided with a copy of this Protective Order and advised they are bound by the terms of this Order.

4.3 Protection of "HIGHLY CONFIDENTIAL" Discovery Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" only to:

a. Counsel. The Receiving Party's Counsel, as well as employees and contractors of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

c. Court. The Court and its personnel;

d. Court Reporters, Recorders and Vendors. Stenographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

e. Consultants, Investigators and Experts. Experts and/or Consultants with respect to each of whom agree to be bound by this Protective Order and have completed the certification contained in Attachment A;

      f. Witnesses. Plaintiff and Defendant will meet and confer concerning the use of any Highly Confidential Information at depositions with witnesses whose depositions have been noticed in this action.

f. Others. (1) The author, addressees or recipients of the document; or (2) any other person whom the Producing Party or Designating Party agrees in writing may have access to "HIGHLY CONFIDENTIAL" Discovery Material.

4.4 Persons Bound by Protective Order. An agreement to be bound by this Protective Order under subsections 4.2(e) and 4.3(d) shall be accomplished by the execution of the Acknowledgment and Agreement To Be Bound by Protective Order (Exhibit A). An agreement to be bound by this Protective Order under subsection 4.2(g) shall be accomplished either by the execution of the Acknowledgment and Agreement To Be Bound by Protective Order (Exhibit A), or by providing persons under subsection 4.2(g) with a copy of this Protective Order and advising them they are bound by its terms, in which case those persons shall be bound by the terms of this Order. Outside Counsel for the Party that obtains signed agreements (Exhibit A), as required above, shall retain them for one year following the final termination of this action, including any appeals.

4.5 Retention of Protected Material. Persons who have been shown Protected Material pursuant to Section 4.2 (f) or (g) or Section 4.3(e) shall not retain copies of such Protected Material except as reasonably necessary for this litigation and as subject to Paragraph 10 of this Order. Persons shown Protected Materials pursuant to Section 4.2(g) shall not retain such Protected Materials after their testimony, except that (i) such persons may retain an official copy of the transcript of their own testimony, including exhibits made part of the official transcript, as reasonably necessary for this litigation while the litigation is ongoing, and (ii) such persons may

retain an official copy of the transcript of their own testimony, excluding exhibits made part of the official transcript, once the litigation has concluded.

4.6 Copies. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Protected Material under this Order, or any individual portion of such a Protected Material, shall be affixed with the appropriate designation if the designation does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of Protected Material or otherwise disclose the substance of the confidential information contained in the Protected Material.

4.7. Initial Regulatory Production. For purposes of Defendant Vega's initial regulatory production that has been ordered by the Court (ECF No. 21), the parties agree to treat the identities of traders associated with Defendant Vega reflected in such production as Highly Confidential pursuant to the terms of this Order. Accordingly, to the extent any party seeks to make a submission to the Court that concerns the identities of the traders (including, without limitation, an amended complaint), such identities will be redacted or otherwise masked (*e.g.*, Trader 1, Trader 2, etc.) for purposes of public filings unless the Court orders otherwise; however, the identities of the traders may be filed under seal with the Court. The identities of the traders will remain redacted or otherwise masked unless and until such time as the Court finds that Plaintiff's complaint (or amended complaint) survives a motion to dismiss either in whole or in part. If Defendant Vega's motion to dismiss is denied, any party may seek to remove the Highly Confidential designation, either through agreement of the parties or by motion to the Court.

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

5.1 Timing of Challenges. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 Meet and Confer. Before filing any motions regarding or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming, changing or waiving the confidentiality designation as to any Protected Material subject to the objection, the Designating Party shall serve on all parties a notice specifying the Discovery Material and the nature of the agreement. The Designating Party shall also produce copies of all materials with the agreed designation at the expense of the Designating Party.

5.3 Action by the Court. Applications to the Court for an order relating to the designation of any Protected Material shall be by motion under Local Rule 26.2 and any other procedures set forth in this Court's standing orders or orders in this action. Nothing in this Order or any action or agreement of a party under this Order limits the Court's authority to make any orders that may be appropriate with respect to the use and disclosure of any Discovery Material produced or used in discovery or at trial.

**6. DISCOVERY MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the Receiving Party must so notify the Designating Party, in writing (by electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable (and no later than ten days

before the date by which any disclosure is made pursuant to the discovery request, subpoena or order).

The Receiving Party also must promptly inform the person who caused such discovery request, subpoena or order to issue in the other litigation that some or all the material covered by the request, subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the person in the other action that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the discovery request, subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Discovery Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**7. UNAUTHORIZED DISCLOSURE OF DISCOVERY MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Discovery Material, (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound by Protective Order" that is attached hereto as Exhibit A.

**8. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL.**

The inadvertent production of any Discovery Material constituting or containing attorney-client privileged information, attorney work product or other privileged information shall be governed by Rule 26 of the Federal Rules of Civil Procedure, Rule 502 of the Federal Rules of Evidence, and this Order.

A party or non-party may request the return of any privileged document that it inadvertently produced (an "Inadvertently Produced Privileged Document") by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this section, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within five (5) business days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall make reasonable efforts to expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document, consistent with Fed. R. Civ. P. 26(b)(5)(B). A party may move the Court for an order compelling production of the document and may present the document to the Court under seal within five (5) business days of receiving a request to return the document, but said party may not assert as a ground for the entering of such an order the facts or circumstances of the inadvertent production, including whether the Producing Party took reasonable care to prevent disclosure. Nothing in this Order shall preclude a party from arguing that the Inadvertently Produced Privileged Document does not constitute or contain attorney-client privileged information, attorney work product or other privileged information, or that the Producing Party has waived any applicable privilege through its conduct outside of this litigation.

**9. FILING PROTECTED MATERIAL.**

The parties are required to comply with the Federal Rules of Civil Procedure and the Local Rules of this District, including but not limited to, Local Rule 26.2, and on matters of procedure for filing documents under seal.

**10. FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, upon written request of the Producing Party, after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, all Discovery Material, including copies as defined in Paragraph 4.6, shall be returned or destroyed by the Receiving Party, unless it has been offered into evidence or filed without restriction as to disclosures. Within thirty-five days of the Producing Party's written request, counsel for the Receiving Party shall certify in writing to the Producing Party that all such Discovery Material has been destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and all attorney work product, even if such materials contain Discovery Material. Any such archival copies that contain or constitute Discovery Material remain subject to this Protective Order. In addition, counsel may retain attorney work product, including an index which refers or relates to Discovery Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of the Discovery Material. This work product shall remain subject to this Protective Order.

After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties, or after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11. ATTORNEY RENDERING ADVICE.**

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Order.

**12. DISPOSITIVE MOTION HEARINGS AND TRIAL.**

The terms of this Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

**13. MISCELLANEOUS.**

13.1 Right to Further Relief. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 5.9 and this Court's standing orders or other orders in this action.

13.2 Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated as Protected Material by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13.3 Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties and the persons made subject to this Order by its terms.

Dated: November 3, 2020

Respectfully submitted,

*/s/ Marvin A. Miller*
Marvin A. Miller
Andy Szot
**Miller Law LLC**
115 S. LaSalle Street, Suite 2910
Chicago, Illinois 60603
312.332.3400
mmiller@millerlawllc.com
aszot@millerlawllc.com

Christopher Lovell
Christopher M. McGrath
**Lovell Stewart Halebian Jacobson LLP**
500 Fifth Avenue, Suite 2440
New York, New York 10110
212-608-1900
clovell@lshllp.com
cmcgrath@lshllp.com

*Counsel for Plaintiff Mish International Monetary Inc.*

*/s/ Amy Graham Doehring*
Amy Graham Doehring
**Akerman LLP**
71 S. Wacker Drive, 47th Floor
Chicago, IL 60606
(312) 634-5700
amy.doehring@akerman.com

Michael P. Kelly
**Akerman LLP**
750 Ninth Street, N.W., Suite 750
Washington, DC 20001
(202) 393-6222
michael.kelly@akerman.com


Joel S. Forman
Meghan K. Boland
**Akerman LLP**
520 Madison Avenue, 20th Floor
New York, NY 10022
(212) 880-3800
joel.forman@akerman.com
meghan.boland@akerman.com

*Counsel for Defendant Vega Capital London, Ltd.*

**IT IS SO ORDERED**.

__________________________________
HONORABLE GARY S. FEINERMAN
**UNITED STATES DISTRICT JUDGE**

Date: 11/5/2020

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MISH INT'L MONETARY INC., on behalf of itself and all others similarly situated, | x : : | |
| | : | Case No. 20-cv-04577 |
| *v.* | : | |
| | : | Judge Gary Feinerman |
| VEGA CAPITAL LONDON, LTD. and JOHN DOES 1-100. | : : x | Magistrate Judge Jeffrey T. Gilbert |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,___________________________[print full name], of _________________________[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of Illinois, Eastern Division on ___________[date] in the above-referenced case.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ____________________

City and State where sworn and signed: ___________________________________

Printed name: __________________________________

Signature: _____________________________________