**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| MISH INTERNATIONAL MONETARY INC., on behalf of itself and all others similarly situated, | |
| *Plaintiff,* | Case No.  1:20-cv-04577 |
| *v.* | Honorable Manish S. Shah |
| VEGA CAPITAL LONDON, LTD., *et. al.,* | Magistrate Judge Jeffrey T. Gilbert |
| *Defendants.* | |

**STIPULATION AND ORDER CONCERNING
PROTOCOL
<u>GOVERNING DEPOSITIONS</u>**

**WHEREAS**, by Order dated January 27, 2023, the Court directed as follows "[t]he court expects the parties to confer on a class−certification expert discovery and deposition protocol. If the parties cannot agree, the court will impose a protocol by 10/30/23[,]" (ECF No. 201);

**WHEREAS**, the parties previously stipulated to an Order entered by the Court on March 30, 2023, that governs the disclose and non-disclosure of certain information regarding experts and consultants (ECF No. 238);

**WHEREAS**, the parties have conferred concerning a protocol for depositions;

**IT IS HEREBY STIPULATED AS FOLLOWS**:

Subject to the approval of the Court, plaintiff Mish International Monetary Inc. ("Plaintiff"); defendants Paul Commins, George Commins, Christopher Roase, Elliott Pickering, Aristos Demetriou, Connor Younger, James Biagioni, Henry Lunn, Paul Sutton, and Matthew Rhys Thompson ("Trader Defendants"), and; defendants Vega Capital London Limited, and Adrian Spires (along with the Trader Defendants, collectively "Defendants"), hereby stipulate and agree to the following Protocol Governing Depositions ("Protocol").

## I.     SCOPE OF THE PROTOCOL

1) This Protocol shall govern all fact, expert, Party (defined below) and non-party depositions in the Action, subject to any modifications made pursuant to Paragraph 17 of this Protocol. Any matter not explicitly addressed in this Protocol shall be governed by the applicable Federal Rules of Civil Procedure, the Local Rules of the Northern District of Illinois ("Local Rules"), and the Case Procedures of Judge Manish Shah ("Case Procedures").

## II.     PARTIES AND NON-PARTIES SUBJECT TO THE PROTOCOL

2) The term "witness" as used below includes both Party (defined herein) and non-party deponents.  The parties ("Parties") subject to this protocol are as follows:

1

a) Plaintiff: Mish International Monetary Inc.

b) Defendants: Paul Commins, George Commins, Christopher Roase, Elliott Pickering, Aristos Demetriou, Connor Younger, James Biagioni, Henry Lunn, Paul Sutton, Matthew Rhys Thompson, Vega Capital London Limited, and Adrian Spires.

3) Non-parties deposed by the Parties are also subject to this Protocol and counsel for any Party serving a subpoena concerning a deposition of any non-party shall provide a copy of this Protocol to the non-party when the subpoena is served on the non-party.

## III.   DEPOSITIONS

4) ***Remote Depositions.***  A "remote deposition," for purposes of this Protocol, is one in which the deposing attorneys are not physically present with the witness, and a "live deposition" is one in which the deposing attorneys are physically present with the witness.  Remote depositions may occur only by agreement of the Parties or by Order of the Court.   A witness may permit his or her own attorneys to be physically present in the same room as the witness during a remote deposition provided that such attorneys identify themselves at the start of the deposition.  Other Participants (defined in Paragraph 4(f) below) are permitted to attend the deposition in person if they wish to do so provided that such Participants identify himself/herself at the start of the deposition.  For the avoidance of doubt, attorneys for the Parties are permitted to be physically present in the same room as the witness during a remote deposition provided that such attorneys identify themselves at the start of the deposition.

a) ***Presence of Others and Communication with Deponent during a Remote Deposition.***
Subject to the provisions of Paragraph 4 above and Paragraph 4(b) below, no individual may be physically present in the same room as the witness, except for the witness's

2

attorneys, while the witness is giving deposition testimony on the record during a remote deposition. If the witness's attorneys are physically present with the witness, the witness and the witness's attorneys shall be visible on screen (as distinct from the video recording of the witness while giving record testimony). No individual (including counsel) shall communicate with the witness via outside means, including, but not limited to, electronic message, text message, or voice call, while the witness is giving deposition testimony on the record regardless of whether a question is then pending before the witness. The witness's attorneys may communicate orally with the witness on the record with respect to instructions not to answer a pending question based on a privilege assertion, and to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules, the Case Procedures or any applicable rule of evidence.

b) ***Presence of Court Reporter and Administration of Required Oath.*** Remote depositions shall be recorded by stenographic means consistent with the requirements of Fed. R. Civ. P. 30(b)(3). The court reporter need not be physically present with the witness whose deposition is being taken. The Parties agree that the court reporter is an "Officer" as defined by Fed. R. Civ. P. 28(a)(2) and shall be permitted to administer the oath to the witness via the remote platform. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state or location where the deponent resides. Before the deposition begins, the court reporter must affirm that he or she can clearly hear the witness and Participants (defined in Paragraph 4(f) below). At the outset of each deposition, the court reporter shall:

  i) state his or her name, business name, and business address;

ii) state the current date and time;

iii) state the caption of the case;

iv) state the name of the witness; and

v) state the name of the Party on whose behalf the deposition is being taken.

c) ***Required Technology.*** As further discussed below, the Party noticing a deposition to be conducted remotely must arrange for their chosen deposition service provider to offer all Participants (defined in Paragraph 4(f) below) with access to real time audio, video, and live transcription feeds of the deposition and access to all exhibits. The witness and all Participants in a remote deposition are responsible for obtaining access to the following technology: a reliable Internet connection capable of supporting video feeds; computer or personal tablet with a camera, and; telephone and/or audio capabilities through computer or tablet. Upon the request of any Party or witness, a Party notifying a deposition shall arrange for the witness and all participating attorneys to participate in a "test run" of the remote platform.

d) ***Use of Technology by Witness.*** Apart from the technology needed to participate in the remote deposition, as set forth in Paragraph 4(c) above, the witness shall not use any technology, including (but not limited to) a computer, personal tablet, smartphone or smartphone extension (such as a smartwatch), while giving deposition testimony on the record. This provision does not prohibit the witness from using such technology to communicate with his or her counsel before or after the deposition or during breaks, to the extent permitted by Paragraph 4(a), in accordance with and to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules, the Case Procedures or any applicable rule of evidence.

4

e) ***Access to Outside Materials.*** While the on the record examination is being conducted, the witness may not review, read, have before him or her, or otherwise access any document, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the witness as exhibits during the remote deposition, without the express consent of counsel for the Parties. During the on the record examination, the witness shall not consult any outside sources of information, including cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites (*e.g.*, Twitter, Facebook, or LinkedIn) to obtain information in connection with his or her testimony, without the express consent of counsel for the Parties.

f) ***Deposition Participation.*** The designated deposition service provider shall provide invitations and access to the remote deposition to the witness and all attorneys participating in the deposition, including counsel of record, personal counsel for the witness, and counsel for Defendants or a non-party witness (collectively, "Participants"). This invitation to the deposition cannot be forwarded to anyone other than individuals who are employed or retained by the Participants for purposes of assisting with the deposition. All Participants shall announce themselves, and who they represent, on the record at the beginning of the deposition. All Participants, other than the witness, court reporter, deposing attorney and any attorney raising an objection, will set their audio connection to mute to avoid unintentional noise. Only the witness, the defending attorney(s), and the deposing attorney(s) shall appear on the video feed, provided that, as stated in Paragraph 4(a) above, the witness's attorneys shall appear on the video feed if they are physically present with the witness during the deposition; any other individual or

Participant may appear only by telephone and/or audio and shall not appear on the video feed. For the avoidance of doubt, the Parties are permitted to have attorneys physically present in the same room as the witness during a remote deposition provided that such attorneys identify themselves at the start of the deposition.

g) ***Remote Deposition Exhibits.*** For remote depositions, the deposition service provider shall utilize technology that allows each Participant to the deposition, including the witness, to control their version of any electronic exhibit introduced at the deposition. Specifically, the witness, and each Participant, shall have the ability to scroll through the entire exhibit on his or her own, using the controls on his or her device. The deposing attorney may, however, utilize technology to direct the witness and Participants to particular parts of an exhibit. If the selected deposition service provider is unable to provide the witness and each Participant with access and control of the exhibits during the deposition, the deposing attorney shall provide the witness and Participants copies of the exhibits such that they receive them at least 24 hours in advance of the deposition's start time via physical mail in sealed envelope(s) or electronic means (*e.g.*, by email or secure file transfer). If physical copies of exhibits are sent in advance, the witness and receiving Participants shall unseal the exhibits' envelope on-screen at the instruction of the deposing attorney and shall not open or review any such exhibits until instructed to do so by the deposing attorney after the deposition has commenced. If the exhibits are sent via electronic means, the deposing attorney may withhold a password to access the exhibits until immediately prior to the deposition's start time. A witness or Participant in receipt of exhibits in advance of the deposition's start time shall not review any exhibit until the deposing attorney offers the exhibit to the witness. Counsel for the witness shall advise the

6

witness of this obligation. The deposing attorney shall not begin questioning a witness about an exhibit until the defending attorney has acknowledged that he or she and the witness have accessed a copy of the exhibit. If a witness at a remote deposition would prefer to review the exhibits in hard copy during the deposition, the Parties will meet and confer in advance of the deposition to determine how best to accomplish this in a manner consistent with the above procedure without unnecessarily delaying the deposition or prejudicing the deposing Party. However, in no event will a witness or Participant have access to exhibits in advance of the deposition's start time. If the platform utilized does not permit the court reporter to mark exhibits remotely, the deposing attorney shall be responsible for pre-marking exhibits.

h) *Videographer and Video Recording.* To the extent that the noticing Party desires the deposition to be video recorded, that Party shall arrange for the use of a videographer and only those portions of the deposition that are on the record shall be recorded. Only the witness shall be recorded on both video and audio. No other Participants in the deposition shall be recorded on video, and only their audio will be recorded. The videographer shall also attend and be given access to participate in the remote deposition. If the witness agrees, the videographer may be present in the same room as the witness. The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at a trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

i) *Technological Issues.* Participants and the witness shall login to the remote platform at

7

least 15 minutes before the deposition is scheduled to start to allow any technological issues to be resolved prior to the start of the deposition. If any Participant has technological issues, he or she may request a break to address the technological issue. Should technological issues arise during the course of the remote deposition that prevent the witness, the court reporter, the deposing attorney, and/or the defending attorney from participating in the deposition, and such technological issues cannot be resolved in less than an hour, the deposition will be adjourned, and the Parties shall meet and confer regarding continuing and completing the remote deposition. For other technological issues that may arise during the deposition, the Parties will meet and confer in good faith to determine whether adjournment of the deposition is necessary. Any time lost to technological issues will not count against the deposing Party's allotted time of seven (7) hours of record testimony.

5) ***Exhibit Numbers.*** Each document marked for identification at a deposition shall be numbered with a new exhibit number. Exhibit numbers will be assigned by the court reporter service with a designation indicating the last name of the deposition witness (including first initial where the last names are the same) and the number of the exhibit ordered sequentially from the previously introduced exhibit at the deposition of the respective witness. The index of exhibits annexed to each deposition transcript shall contain the document production number, the exhibit number for each exhibit marked for identification at the deposition, and each exhibit referenced in the deposition.

6) ***Number of Party Depositions.*** Nothing herein prevents a Party from seeking an order from the Court for additional depositions beyond the limit set forth in Fed. R. Civ. P. 30.

7) ***Rule 30(b)(6) Depositions.*** Thirty (30) calendar days prior to any Fed. R. Civ. P. 30(b)(6)

deposition, the Party that noticed the deposition shall provide to the Party that received the notice of deposition a list of topics about which the noticing Party intends to ask during the deposition. The receiving party will provide any objections to such topics fourteen (14) calendar days before the noticed deposition date. Seven (7) calendar days prior to any Fed. R. Civ. P. 30(b)(6) deposition, the receiving Party shall provide to the noticing Party the name(s) and title(s) of the witness or witnesses who will be providing testimony on that Party's behalf, along with the specific topics to which the witness or witnesses will be testifying.

8) *Deposition Notices.* Deposition notices shall be governed by Fed. R. Civ. P. 30. The Parties shall meet and confer in good faith to schedule depositions at mutually convenient times, and in accordance with any orders of the Court.

9) *Daily Schedule.* For in-person depositions, the Parties shall make reasonable efforts to ensure (a) that depositions begin no earlier than 8:00 a.m. (in the location where the deposition is being conducted) and (b) that depositions conclude no later than 8:00 p.m. (in the location where the deposition is being conducted). For depositions conducted entirely by remote means, the Parties understand and agree that the foregoing schedule may not be practicable given the different time zones and locations of witnesses and deposing counsel (*e.g.*, New York and London). The Parties shall meet and confer in good faith in order to agree upon appropriate start and finish times for remote depositions, considering the location(s) of the witness and of deposing counsel and the availability of the Court to resolve any disputes that may arise during the deposition. In any event, remote depositions shall begin no earlier than 10:30 a.m. London time for any depositions in which the examining attorney is located in the United States and the deponent is located in London. This

9

Paragraph shall not be construed to modify the durational limits on a deposition contained in Fed. R. Civ. P. 30 or to prejudice the examining Party's right to examine a witness for the hours allotted under this Protocol.

10) ***Conduct of Counsel at Depositions.*** Depositions, including those conducted outside the United States or remotely, shall be governed by the Federal Rules of Civil Procedure, Local Rules, applicable Rules of Professional Responsibility, and the Case Procedures.

11) ***Objections.*** The objection of counsel for one Defendant, or one Plaintiff, to a question shall be deemed to have been made on behalf of all Defendants, or all Plaintiffs, and need not be repeated by counsel for another Defendant, or Plaintiff. Any objection to the form of a question by counsel for any Defendant or Plaintiff shall be deemed to have been made on all grounds for a form objection. Speaking objections beyond a short statement of the basis for an objection shall not be permitted. If an evidentiary privilege is claimed, the witness will nevertheless answer questions relevant to the existence, extent, or waiver of the privilege (without it being considered a waiver of the claimed privilege), such as, for example, the date of the communication, who made the statement, who, if anyone, was present other than counsel, and others to whom the communication was made known. For the avoidance of doubt, nothing in this Paragraph is intended to have any effect on a witness's Fifth Amendment rights or to require a witness to answer any question as to which he or she has the right to remain silent.

12) ***Attendance at Depositions.*** All Parties and their counsel may attend any live deposition and attend or access any remote deposition noticed in this Action. Parties must provide reasonable notice of the number and identity of Participants prior to each scheduled deposition.

13) ***Court Reporters.*** The Party that noticed the deposition will be responsible for arranging for the deposition space, court reporter, and (in the case of video depositions) videographer. In the event that more than one Party notices a deposition, the Party that first notices the deposition will be so responsible. The court-reporting service(s) shall have remote access, teleconferencing, video-recording, and real-time transcription technology (*e.g.*, LiveNote). The court-reporting service(s) shall record all conference calls with the Court that occur during any deposition as part of that day's deposition transcript. Each Party is responsible for ordering and paying for its own copies of the transcripts and/or video unless the Parties agree to share costs.

14) ***Completion and Reopening of Depositions.*** Except by consent of the relevant Parties and the deponent or, where there is no agreement or consent, upon order of the Court, the deposition of any individual shall be taken only once.

15) ***Running Time.*** The court-reporting service shall maintain a total running time for on-the-record deposition testimony to record how much examination time is taken in each deposition.

16) ***Confidentiality Provisions.*** Confidentiality of deposition testimony is governed by the Protective Order dated November 5, 2020 (ECF No. 24).

## IV. MODIFICATIONS TO THE PROTOCOL

17) This Protocol shall continue in effect until modified by written agreement of the Parties, or order of the Court.

Dated: October 24, 2023

By: */s/ Christopher M. McGrath*
    Christopher Lovell
    Christopher M. McGrath
    Travis H. Carter

**LOVELL STEWART HALEBIAN JACOBSON LLP**
500 Fifth Avenue, Suite 2440
New York, New York 10110
Telephone:  (212) 608-1900
Facsimile:  (212) 719-4775

Marvin A. Miller
Andy Szot
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, Illinois 60603
Telephone:  (312) 332.3400

*Attorneys for Mish International Monetary Inc.*

By:  */s/ Michael P. Kelly*
Michael P. Kelly
**AKERMAN LLP**
750 Ninth Street, N.W., Suite 750
Washington, DC 20001
(202) 393-6222
michael.kelly@akerman.com

Joel S. Forman
**AKERMAN LLP**
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
(212) 880-3800
joel.forman@akerman.com

Amy Graham Doehring
Elpitha B. Lambros
**AKERMAN LLP**
71 S. Wacker Drive, 47th Floor
Chicago, IL 60606
(312) 634-5700
amy.doehring@akerman.com

*Attorneys for Vega Capital London Limited and Adrian Spires*

By:  */s/ Matthew L. Mazur*
Roger A. Burlingame
Matthew L. Mazur
**DECHERT LLP**

12

160 Queen Victoria Street
London EC4V 4QQ, United Kingdom  Telephone: +44 20 7184 7000
Roger.Burlingame@dechert.com
Matthew.Mazur@dechert.com

Steven E. Bizar
Julia Chapman
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2222
Steven.Bizar@dechert.com
Julia.Chapman@dechert.com

*Attorneys for Paul Commins, George Commins, Christopher Roase, Elliot Pickering, Aristos Demetriou, Connor Younger, James Biagioni, Henry Lunn, Paul Sutton, and Matthew Rhys Thompson*

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED** that this stipulation shall govern the Parties in the litigation.

Dated:  October 25, 2023

_____

The Honorable Manish S. Shah
United States District Judge