# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MISH INTERNATIONAL MONETARY INC., on behalf of itself and all others similarly situated, *Plaintiff*, v. VEGA CAPITAL LONDON, LTD., *et al.*, *Defendants*. | Case No. 1:20-cv-04577 <br><br> Judge: Hon. Manish S. Shah |

# PLAINTIFF'S UNCONTESTED MOTION FOR AN EXTENSION AND PAGE ENLARGEMENT

Pursuant to Local Rule 7.1 and Fed. R. Civ. P. 16(b)(4), Plaintiff Mish International Monetary, Inc. ("Plaintiff") respectfully submits this uncontested motion to request (1) leave to submit an opening class certification brief of up to forty (40) pages; and (2) a one-week extension—from February 12 to February 19, 2024—of the deadline for Plaintiff to submit the class motion. ECF No. 294 (scheduling order). Defendants do not oppose the foregoing relief.

In support of this motion, Plaintiff respectfully states as follows:

## I. THE UCONTESTED PAGE ENLARGEMENT SHOULD BE GRANTED

1. Plaintiff's class certification brief must address four Rule 23(a) prerequisites, two Rule 23(b)(3) prerequisites and the implied Rule 23 ascertainability requirement in the context of the complex claims and substantial fact record herein. *See* ¶¶3-5 below.

2. Additionally, Plaintiff's class brief will include a more expansive treatment than a typical class motion concerning what is a common question and what does not affect or is not relevant to the existence of a common question. Specifically, Plaintiff's class brief will demonstrate that Defendants Vega and Spires' claimed relevancy for their twenty-eight (28) Rule 45 document

1

subpoenas to potential Class members and the information sought by such subpoenas does not affect class certification.  *See* ECF No. 293.

3. Plaintiff's class brief must address the numerous Rule 23 requirements in the context of the complex claims at issue herein.  Here, Plaintiff alleges the twelve Defendants conspired to manipulate prices of WTI crude oil futures contracts traded on the New York Mercantile Exchange ("NYMEX") and the Intercontinental Exchange ("ICE") in violation of the Commodity Exchange Act, 7 U.S.C. §1 *et seq.* ("CEA"), Sherman Antitrust Act, 15 U.S.C. §1 *et seq.* ("Sherman Act") and Illinois common law unjust enrichment.  *Mish Int'l Monetary Inc. v. Vega Cap. London, Ltd.*, 596 F. Supp. 3d 1076, 1088 (N.D. Ill. 2022); *Mish Int'l Monetary Inc. v. Vega Cap. London, Ltd.*, 648 F. Supp. 3d 980, 990 (N.D. Ill. 2022).

4. The prosecution of manipulation claims pursuant to the CEA has been recognized to be "complex and difficult."  *In re Sumitomo Copper Litig.*, 74 F.Supp.2d 393, 395 (S.D.N.Y. 1999) (commodity futures manipulation cases are "complex and difficult"); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 356 (1982) (commodity futures markets are "esoteric").

5. Plaintiff's class motion will also address the substantial discovery record in this case.  Plaintiff, Defendants, and numerous non-parties have already produced a substantial volume of documents and records totaling more than 132,000 pages.  Separately, the Chicago Mercantile Exchange ("CME") and ICE Futures Europe ("ICE") have produced extremely large amounts of trade data.  So far, there have been five party depositions (Plaintiff and four Vega Trader Defendants) and two non-party depositions.

6. Plaintiff is endeavoring to be as concise as possible in the class brief.  However, in the circumstances present here, Plaintiff respectfully submits it may require up to 40-pages to fairly address the class certification issues in this complex action.

7. This Court has granted similar requests for page extensions of class certification opening briefs in actions involving claims much less complex than the claims in this action. *See, e.g., Langston et al v. Mid-America Intercollegiate Athletics Association et al*, 17-cv-4978, ECF No. 153 (N.D. Ill. May 23, 2023) (Shah, J.) (granting plaintiffs' request for a 30-page class certification opening brief in action involving claims for negligence, breach of contract and unjust enrichment).

## II. THE UNCONTESTED EXTENSION SHOULD BE GRANTED

8. Plaintiff's class motion is currently due on February 12, 2024. ECF No. 294. Good cause exists for extending the class motion deadline by one week. *See* Rule 16(b)(4) (modification of a scheduling order requires a showing of good cause).

9. First, Plaintiff's counsel has encountered delays in dealing with Plaintiff's experts who are now teaching and have other commitments on their time, including travel abroad.

10. Second, since the hearing held on January 11, 2024 (ECF No. 294), Plaintiff has received eight additional non-party document productions that total approximately 43,350 pages. These additional non-party document productions are in response to the Rule 45 subpoenas issued by Defendants Vega and Spires, which, again, Plaintiff intends to address in the class brief. *See* ¶2 above. Also, ICE recently produced additional trade information.

11. Third, in addition to the delays and recent document productions, the work on the class motion is taking more time than counsel for Plaintiff anticipated.

12. Under the current schedule, by February 26, 2024, the parties must submit a joint status report with proposals for briefing the class motion and any discovery requested prior to briefing. ECF No. 294. Plaintiff proposes to extend the status report deadline to March 1. The Court has also scheduled a telephone status hearing for March 12, 2024, at 9:30 a.m. *Id.*

## **CONCLUSION**

Plaintiff respectfully requests the Court: (1) grant Plaintiff leave to submit a class certification brief of up to forty (40) pages; (2) extend the deadline for Plaintiff to submit the class motion by one week until February 19, 2024; and (3) extend the submission of the status report to March 1, 2024.

Dated: January 30, 2024

                                                                                   Respectfully submitted,

*/s/ Christopher McGrath*
Christopher Lovell
Christopher M. McGrath
**LOVELL STEWART HALEBIAN JACOBSON LLP**
500 Fifth Avenue, Suite 2440
New York, New York 10110
Telephone:    (212) 608-1900

Marvin A. Miller
Andy Szot
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, Illinois 60603
Telephone:    (312) 332-3400

*Counsel for Plaintiff*