# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MISH INT'L MONETARY INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VEGA CAPITAL LONDON, LTD., et al., <br><br> Defendants. | Case No. 20-cv-04577 <br><br> Hon. Manish S. Shah <br><br> Magistrate Judge Jeffrey T. Gilbert |

## JOINT STATUS REPORT

Plaintiff Mish International Monetary Inc. and Defendants Vega Capital London Limited ("Vega"), Adrian Spires (together with Vega, the "Vega Defendants"), Paul Commins, George Commins, Christopher Roase, Elliott Pickering, Aristos Demetriou, Connor Younger, James Biagioni, Henry Lunn, Paul Sutton, and Matthew Rhys Thompson (the "Trader Defendants") (collectively, with all of the Defendants, "the Defendants") respectfully submit this joint status report pursuant to the Court's February 2, 2024 Order directing the parties to file a status report by March 1, 2024, including their proposals for a briefing schedule on Plaintiff's motion for class certification and any discovery required prior to briefing. ECF Nos. 294, 300.

### I. Briefing Schedule Proposal

On February 19, 2024, Plaintiff filed a motion for class certification and an accompanying 40-page memorandum of law. ECF Nos. 303, 305. Plaintiff also filed 47 exhibits in support of its motion, including a 134-page expert report by Professor Craig Pirrong. ECF No. 306. On February 23, 2024, Plaintiff provided Defendants with corrected copies of the motion, memorandum, and exhibits (including the expert report), and Plaintiff filed its corrected

1

papers under seal on February 28, 2024. ECF Nos. 310-313. The Court granted Plaintiff's motion to submit the corrected copies under seal on February 29. ECF No. 314.

The parties have conferred. Without opposition from Plaintiff, Defendants propose to respond to Plaintiff's motion for class certification, including any expert reports, by Thursday, May 23, 2024 (90 days after service of Plaintiff's corrected papers). Without opposition from Defendants, Plaintiff proposes to file its reply, including any rebuttal expert reports, by Monday, July 22, 2024 (60 days after Defendants' response).

Defendants respectfully submit that the proposed schedule is warranted by the length of time needed to brief the opposition to Plaintiff's motion for class certification, to analyze the expert report submitted by Plaintiff, to take the deposition of Plaintiff's expert, and to file any other motions.[1] The proposed schedule is similar to what has been ordered in other cases alleging market manipulation under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq*. *See, e.g.*, *Ploss v. Kraft Food Group*, 15-cv-02937, ECF 212 (N.D. Ill. April 3, 2018) (ordering "Plaintiffs shall file their motion for class certification, including any expert reports in support of class certification by 09/04/2018" and "[a]ny opposition to class certification, shall be file by 12/17/2018" and "[a]ny reply brief on the motion for class certification, including any expert reports in further support of class certification, shall be filed by 02/18/2019"); *AOT Holding AG v. Archer Daniels Midland Co.*, 19-cv-02240-CSB-EIL (C.D. Ill. Feb. 2, 2021) (ordering "Plaintiff shall move for class certification, if at all, and disclose class certification experts by

---

[1] The Vega Defendants are also pursuing discovery that they believe will be relevant to class certification issues and that should be included in the opposition to the motion for class certification. However, because the parties have agreed on the proposed schedule, the Vega Defendants do not believe that the Court has to make any findings with respect to discovery in its scheduling order. The Vega Defendants will continue pursuing this discovery as promptly as possible.

7/23/21" and "Defendant shall file any brief in opposition to class certification, disclose rebuttal experts on class certification, and file Daubert motions challenging Plaintiffs class certification experts, if any, by 11/8/21" and "Plaintiff shall file any reply brief in support of class certification, respond to Defendant's Daubert motions, and file any Daubert motion challenging Defendant's experts by 1/14/22").

If such 90-day time period is allowed, without opposition from Defendants, then Plaintiff respectfully requests that it be permitted 60 days (*i.e.,* approximately 67% of the time which Defendants have for their Opposition). Plaintiff respectfully notes that, under ECF No. 282, Plaintiff's time to submit the class certification reply papers was 83% of the time that Defendants had to submit their opposition papers. *Id*. (42 days for Defendants' opposition vs. 35 days for Plaintiffs' reply). Further, Plaintiff respectfully notes that the Memorial Day and July 4 holidays fall within Plaintiff's time to respond. Finally, the class certification orders in prior similar actions cited by Defendants (in the immediately preceding paragraph) allowed the plaintiff more than 60 days to submit reply papers on the class certification motion. For these reasons and the inherent potential magnitude of the expert work that could be involved in reply and rebuttal expert submissions, Plaintiff respectfully submits that its requested sixty-day period is reasonable, fair, and warranted.

**II.     Discovery Required for Class Certification Briefing**

On January 27, 2023, the Court set a discovery and class certification schedule for this Action. ECF No. 201. The Court permitted the parties to issue written discovery beginning on January 31, 2023, and set a schedule for class certification motion briefing to begin on January 22, 2024, with Defendants' joint opposition to class certification, including any supporting expert reports due by March 4, 2024, and all fact discovery, including any foreign discovery

3

completed by December 30, 2024. ECF No. 201. The Court stated it "will set deadlines for amendment of the pleadings, merits expert discovery, and dispositive motions when the parties get closer to completing fact discovery." *Id.* The Court also stated "Defendants' motion to bifurcate class certification and merits discovery [198] is denied, with the caveat that class−certification discovery will necessarily be prioritized to comply with this scheduling order." *Id.*

Following entry of the scheduling order, the parties have engaged in both party and non-party discovery. *See, e.g.*, ECF Nos. 244, 282 (joint status reports describing the status of discovery); *see e.g.* ECF 271 (denying in part and granting in part Plaintiff's motion to depose the Trader Defendants, but permitting Plaintiff to take four depositions):

> Plaintiff may depose up to 4 Trader Defendants before 12/31/23, …. Taking 10 depositions under those circumstances is unduly burdensome, time consuming, and expensive at this stage of discovery…. A sample of 4 defendants is sufficient, and will give plaintiff enough opportunity to explore different defendants' roles and participation in the events….

ECF No. 271.

On January 5, 2024, the Vega Defendants filed a motion to extend the respective deadlines in the Court's Scheduling Order by three months to pursue additional non-party discovery. ECF No. 289. In ECF 294, the Court ruled:

> For the reasons stated in open court, defendants' motion for an extension of deadlines 289 is denied in part and granted in part as to plaintiff's request. Plaintiff's motion for class certification is now due 2/12/24. By 2/26/24, the parties shall file a status report with competing proposals for briefing the motion and any discovery requested prior to briefing.

ECF No. 294.

Thereafter, the Court also granted Plaintiff's motion (to which Defendants did not object), to extend the deadline for Plaintiff's class motion until February 19, 2024 and extended

4

the time for this status report to March 1, 2024. ECF Nos. 298, 300.

Plaintiff now seeks to certify the following class:

All persons and entities that sold a May 2020 light sweet crude oil (WTI) futures contract ("May contract") traded on the New York Mercantile Exchange between 9:00 a.m. CST and 1:30 p.m. CST (inclusive) on April 20, 2020 (including by trade at settlement ("TAS")), to liquidate a long position in the May contract. Excluded from the Class are Defendants, their officers, directors, management, employees, subsidiaries, or affiliates and federal governmental entities.

Party and non-party discovery is still underway. The Vega Defendants are still pursuing the document subpoenas on 28 large companies trading WTI on New York Mercantile Exchange ("NYMEX") in April 2020. As of the date of this filing, the Vega Defendants have received partial or complete productions from 15 out of the 28 subpoena recipients, and the Vega Defendants continue to meet and confer with the subpoena recipients.

There is a pending motion to quash with respect to the subpoena served on Vitol Inc., and the Vega Defendants expect that they will bring additional motions to compel against other companies in the near future. For instance, the Vega Defendants expect that they will file a motion to compel against Glencore plc, which recently informed the Vega Defendants that it does not intend to produce any documents in response to the subpoena. The Vega Defendants will file that motion to compel in the U.S. District Court for the Southern District of New York and will seek to transfer that motion to this Court, as they did with respect to Vitol's motion to quash. The Vega Defendants have also served additional discovery on Plaintiff to investigate potential document retention issues.

**Plaintiff's Position.** During meet and confers with Plaintiff, Defendants offered various reasons for the 28 subpoenas, including the availability of storage space at the delivery points for the May Contract (which consist of storage tanks in and around Cushing, Oklahoma and pipelines appurtenant thereto). Although Plaintiff believes that deliverable supply is inherently a

5

common class wide merits issue and constitutes one of the additional common questions in this Action, Plaintiff's position is that the ultimate answer to that question is not part of the Rule 23 burden in this Action. Plaintiff's position, further, is that if the deliverable supply is a part of the Rule 23 burden, then the more appropriate source of the pertinent information would be the owners of the storage tanks and pipelines in Cushing, Oklahoma which comprise the delivery point under the WTI Contract. Accordingly, during late January 2024, Plaintiff served 17 subpoenas on the original sources for deliverable supply in and around Cushing, Oklahoma, *i.e.,* the owners of the storage tanks and pipelines appurtenant thereto.

Plaintiff has argued and will continue to argue that discovery being sought and obtained by Defendants from the 28 non-parties is not relevant to any contested issue on class certification. *Compare* ECF No. 297 *with* ECF No. 311, pp. 36-40. Because Plaintiff believes that various information obtained by the Vega Defendants from their subpoenas favors Plaintiff *on the merits* (*e.g.*, ECF No. 311 at 36-37), Plaintiff has determined not to move to quash or limit any of the remaining discovery on such 28 subpoenas.[2]

On the other hand, discovery from the commodity exchanges revealed to Plaintiff what it regards as substantial additional market dislocation which was not alleged in the complaint nor known (at least by Plaintiff) prior to the time of the receipt of discovery from the exchanges. *E.g.,* ECF No. 311 at 4-5, 25-26; ECF No. 312, Exhibit 1 at ¶¶10, 25-26, 27, 233-259. Plaintiff further acknowledges that, in dealing with all of the anticipated and unanticipated market dislocations, Plaintiff's expert has submitted a lengthy expert report, and the amount of work on the class motion in this case is significantly greater than Plaintiff originally anticipated. For these

---

[2] Plaintiff is preparing responses to the Vega Defendants' recent discovery requests directed to Plaintiff and does not believe such discovery has any relevance to class certification.

reasons (and **not** any asserted relevance of Defendants' 28 subpoenas), Plaintiff does not oppose in any way Defendants' requested ninety day time period for the submission of Defendants' class certification response.

**Vega Defendants' Position**. The Vega Defendants do not believe that Plaintiff's discussion of its views on discovery or the merits is necessary or appropriate for a status report (i) when the parties have agreed upon the proposed schedule for responding to the motion for class certification and (ii) when there is no pending or contemplated motion from Plaintiff on any discovery issue. The Vega Defendants strongly disagree with Plaintiff's positions set forth above, but do not believe they should burden the Court with advocacy on those issues when there is no dispute on the scheduling proposal in this status report. If the Court would prefer for the Vega Defendants to respond to Plaintiff's positions, counsel for the Vega Defendants will be prepared to address these points at the March 12, 2024 status hearing.

**Expert Backup Materials.** On February 26, 2024, pursuant to the Stipulated Order Governing the Disclosure and Non-Disclosure of Certain Information Regarding Experts and Consultants, ECF No. 238, Plaintiff provided certain data relied on by its expert as a basis for his opinions. On February 28, Trader Defendants sent Plaintiff a preliminary list of items they contend are missing from the backup Plaintiff is required to provide. Also on February 28, Plaintiff informed Trader Defendants that Plaintiff's preliminary position is that various materials which Trader Defendants listed as backup materials are neither backup materials nor materials required to be produced by Plaintiff. But Plaintiff stated it would nonetheless provide responsive information and seek to work with Trader Defendants.

On March 1, Trader Defendants sent Plaintiff a list with 79 quantitative claims from Dr. Pirrong's report that Trader Defendants believed to be unsupported by his backup materials.

Upon receiving the list, Plaintiff requested a meet and confer with Defendants concerning the asserted backup materials (many of which appear to Plaintiff to be publicly available information, such as May contract prices, etc.). Such meet and confer has been scheduled for Monday, March 4. Also on March 1, Plaintiff provided to Defendants substantial materials in response to Trader Defendants' request for backup materials.

Defendants and their experts are continuing to analyze the backup materials and expect to identify additional missing items. Plaintiff has stated it will seek to continue to promptly respond to Defendants' requests. The parties expect to be able to report further to the Court on this issue of backup materials at the status conference scheduled for March 12, 2024.

| | |
|---|---|
| Dated: March 1, 2024 | Respectfully submitted, |
| */s/ Christopher M. McGrath* | */s/ Michael P. Kelly* |
| Christopher Lovell | Michael P. Kelly |
| Christopher M. McGrath | **AKERMAN LLP** |
| **LOVELL STEWART HALEBIAN JACOBSON LLP** | 750 Ninth Street, N.W., Suite 750 |
| 500 Fifth Avenue, Suite 2440 | Washington, DC 20001 |
| New York, New York 10110 | (202) 393-6222 |
| Telephone: (212) 608-1900 | michael.kelly@akerman.com |
| Facsimile: (212) 719-4775 | |
| | Joel S. Forman |
| Marvin A. Miller | **AKERMAN LLP** |
| Andy Szot | 1251 Avenue of the Americas, 37th Floor |
| **MILLER LAW LLC** | New York, NY 10020 |
| 115 S. LaSalle Street, Suite 2910 | (212) 880-3800 |
| Chicago, Illinois 60603 | joel.forman@akerman.com |
| Telephone: (312) 332.3400 | |
| | Amy Graham Doehring |
| *Attorneys for Plaintiff Mish International Monetary Inc.* | **AKERMAN LLP** |
| | 71 S. Wacker Drive, 47th Floor |
| | Chicago, IL 60606 |
| | (312) 634-5700 |
| | amy.doehring@akerman.com |

Michelle D. Nasser
**DOWD BENNETT LLP**
222 West Adams Street
Suite 250
Chicago, IL 60606
(314) 889-7345

*Attorneys for Defendants Vega Capital London Limited and Adrian Spires*

*/s/ Matthew L. Mazur*
Roger A. Burlingame
Matthew L. Mazur
**DECHERT LLP**
160 Queen Victoria Street
London EC4V 4QQ, United Kingdom
Telephone: +44 20 7184 7000
Roger.Burlingame@dechert.com
Matthew.Mazur@dechert.com

Steven E. Bizar
Julia Chapman
Tony Leyh
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2222
Steven.Bizar@dechert.com
Julia.Chapman@dechert.com
Tony.Leyh@dechert.com

*Attorneys for Defendants Paul Commins, George Commins, Christopher Roase, Elliott Pickering, Aristos Demetriou, Connor Younger, James Biagioni, Henry Lunn, Paul Sutton, and Matthew Rhys Thompson*