**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

MISH INTERNATIONAL MONETARY
INC., on behalf of itself and all others similarly
situated,

*Plaintiff,*

*v.*

VEGA CAPITAL LONDON, LTD., *et al.,*

*Defendants.*

Case No. 1:20-cv-04577

Judge: Hon. Manish S. Shah

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff Mish

International Monetary Inc. ("Plaintiff") hereby moves for certification of the Class defined in ¶1

below. Plaintiff is separately submitting a Memorandum of Law in Support of Its Motion for Class

Certification ("Memo"), the expert report of Professor Craig Pirrong and the declaration of Bejamin

M. Jaccarino, Esq. and exhibits thereto.

In support of its motion for class certification, Plaintiff respectfully states as follows:

1.      Plaintiff seeks to certify the following Class:

All persons and entities that sold a May 2020 light sweet crude oil (WTI) futures
contract ("May contract") traded on the New York Mercantile Exchange between 9:00
a.m. CST and 1:30 p.m. CST (inclusive) on April 20, 2020 (including by trade at
settlement ("TAS")), to liquidate a long position in the May contract. Excluded from
the Class are Defendants, their officers, directors, management, employees,
subsidiaries, or affiliates and federal governmental entities.

2.      The Class here is far more cohesive and homogenous than the many prior classes

which have repeatedly been certified in actions (like this one) alleging manipulation of commodity

futures contract prices in violation of the Commodity Exchange Act, 7 U.S.C. §1, *et seq.* ("CEA")

and the Sherman Antitrust Act, 15 U.S.C. §1 *et seq.* ("Sherman Act"). *In re Term Commodities Cotton*

*Futures Litig.*, 12-cv-5126, 2022 WL 485005 (S.D.N.Y. Feb. 17, 2022), *petition for review denied*, 22-472 (2d Cir. 2022); *Ploss v. Kraft Foods Grp., Inc.*, 431 F. Supp. 3d 1003 (N.D. Ill. 2020), *petition for review denied*, No. 20-8001 (7th Cir. 2020); *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 244 F.R.D. 469 (N.D. Ill. 2007), *aff'd*, 571 F.3d 672 (7th Cir. 2009); *In re Amaranth Nat. Gas Commodities Litig.*, 269 F.R.D. 366 (S.D.N.Y. 2010), *petition for review denied*, 10-4110-mv (2d Cir. 2010); *In re Nat. Gas Commodities Litig.*, 231 F.R.D. 171 (S.D.N.Y. 2005), *petition for review denied*, (2d Cir. 2006); *In re Sumitomo Copper Litig.*, 182 F.R.D. 85 (S.D.N.Y. 1998); *In re Sumitomo Copper Litig.*, 194 F.R.D. 480 (S.D.N.Y. 2000), *petition for review denied*, 262 F.3d 134 (2d Cir. 2001).

3.        To certify the Class, Plaintiff must establish the four requirements of Rule 23(a) and the two requirements of Rule 23(b)(3) by a preponderance of the evidence. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Rule 23(a) requires numerosity, commonality, typicality, and adequacy of representation. *Id.* Rule 23(b)(3) requires common issues predominate over individual ones, and that a class action is superior to other available methods (if any) for the fair and efficient adjudication of the controversy. *Id.* Plaintiff must also demonstrate the Class is "ascertainable." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015).

4.        **Ascertainable**. A class is ascertainable when it is clearly defined, objectively based, and not premised on the merits. *Mullins*, 795 F.3d at 659-60, 72. The Class identifies a particular group (traders of one specific WTI crude oil futures contracts on one specific futures exchange), harmed during a particular time frame (between 9:00 a.m. and 1:30 p.m. on April 20), in a particular location (on the centralized New York Mercantile ("NYMEX") futures exchange), in a particular way (trading in a market manipulated by Defendants[1] and selling a May contract at artificially

---

[1] Defendants refers to Vega Capital London Ltd., Adrian Spires, and the Vega Trading Defendants (or "VTDs"), which include Paul Commins, George Commins, Christopher Roase, Elliott Pickering,

depressed prices caused by Defendants).  Class membership is not defined by success on the merits.

The Class is ascertainable.  Memo at "IV."

5.      **Numerosity**.  Rule 23(a)(1) requires "the class is so numerous that joinder of all

members is impracticable."  There are hundreds of geographically dispersed Class members.  Memo

at "V.A."  Joinder of, at a minimum, hundreds of Class members located around the world would

be impracticable.  *Id.*  Numerosity is satisfied.

6.      **Commonality**.  Rule 23(a)(2) requires there be "questions of law or fact common to

the class."  "[A] single common question will do to fulfill Rule 23's commonality requirement."

*Prokhorov v. IIK Transp., Inc.*, 20-cv-6807, 2023 WL 2711599, at *4 (N.D. Ill. Mar. 30, 2023) (Shah,

J.).  Plaintiff and every Class member assert the same legal claims, against the same Defendants and

such claims are based on Defendants' same course of alleged misconduct.  Thus, there are

numerous common questions of law and fact, including (1) whether Defendants engaged in a

conspiracy to manipulate the price of the May contract on April 20, 2020, and (2) whether

Defendants' conspiracy to manipulate artificially depressed the price of the May contract.  ███

████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████  Commonality is satisfied.  *Id.* at "V.B."

7.      **Typicality**.  Rule 23(a)(3) requires "the claims or defenses of the representative

parties [be] typical of the claims or defenses of the class."  "A plaintiff's claim is typical if it arises

from the same event or practice or course of conduct that gives rise to the claims of other class

members and is based on the same legal theory."  *Ploss*, 431 F. Supp. 3d at 1011, *citing Lacy v. Cook*

---

Aristos Demetriou, Connor Younger, James Biagioni, Henry Lunn, Paul Sutton, and Matthew Rhys
Thompson.

*Cty., Illinois*, 897 F.3d 847, 866 (7th Cir. 2018). Plaintiff and every Class member traded the same standardized May contract in the same centralized marketplace. Plaintiff and all Class members seek relief from the same Defendants pursuant to the same set of statutes and laws—the Sherman Act, CEA, and common law unjust enrichment. The claims of all Class members, including Plaintiff, arise from Defendants' same exact common course of misconduct and are based on the same exact legal theory: Defendants conspired to manipulate downward the prices of the May contract on April 20 by abusing the Trade at Settlement ("TAS") mechanism, [redacted] Typicality is satisfied. Memo at "V.C."

8. **Adequacy**. Rule 23(a)(4) requires "the representative parties will fairly and adequately protect the interests of the class." ""[A]dequacy of representation is composed of two parts: the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest of the class members."' *Stampley v. Altom Transp., Inc.*, 14-cv-3747, 2015 WL 5675095, at *5 (N.D. Ill. Sept. 24, 2015) (Shah, J.) (quoting *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

9. ***Plaintiff is Adequate***. To be adequate "[a] named plaintiff must be a member of the putative class and have the same interest and injury as other members." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1027-28 (7th Cir. 2018). "The Seventh Circuit has made clear that the bar for a named plaintiff's adequacy is not set high." *Stampley*, 2015 WL 5675095, at *5. On April 20, Plaintiff sold ten (10) May contracts on the NYMEX to liquidate a long position in such contract and lost $92,490. Memo at "V.D." Thus, Plaintiff is a Class member. Plaintiff and all Class members suffered the same exact injury due to Defendants' alleged violations of the CEA and Sherman Act—*i.e.*, each sold the May contract at an artificially low price and thus received less

money for such sale than they would have absent the artificially depressed price.  Plaintiff and all

Class members thus have the exact same interest in establishing Defendants conspired to

manipulate and artificially depress the price of the May 2020 contract.  Plaintiff is adequate.  *Id.*

10. ***Counsel is Adequate***.  In determining the adequacy of counsel, a district court

"must consider" the Rule 23(g)(1)(A) factors and "may consider any other matter pertinent to

counsel's ability to fairly and adequately represent the interests of the class." *Prokhorov v. IIK*

*Transp., Inc.*, 20-cv-6807, 2023 WL 2711599, at *8 (N.D. Ill. Mar. 30, 2023) (Shah, J.).  Each Rule

23(g)(1)(A) factor supports appointing Lovell Stewart Halebian Jacobson LLP and Miller Law LLC

("Plaintiff's Counsel) as counsel for the Class.  Memo at "V.D."  Plaintiff's Counsel has repeatedly

been appointed by this Court and other courts in cases like this one alleging manipulation of

commodity futures prices in violation of the Sherman Act and CEA.  *Id.*  Plaintiff's Counsel are

adequate.

11. **Predominance**.  Rule 23(b)(3) requires "questions of law or fact common to class

members predominate over any questions affecting only individual members."  When "one or more

of the central issues in the action are common to the class and can be said to predominate, the

action may be considered proper under Rule 23(b)(3) even though other important matters will

have to be tried separately, such as damages or some affirmative defenses peculiar to some

individual class members." *Tyson Foods Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016).  "In antitrust

cases, Rule 23, when applied rigorously, will frequently lead to certification." *Messner*, 669 F.3d at

814.  Similarly, "courts considering class certification for price manipulation claims under the CEA

have also found common questions to predominate." *Kohen*, 244 F.R.D. at 480 (collecting cases).

12. Based on the elements of Plaintiff's Sherman Act, CEA, and unjust enrichment

claims, there are at least two overarching, common questions that cause common questions to

predominate: (1) whether Defendants engaged in a conspiracy to manipulate the price of the May

contract on April 20, 2020, and (2) whether Defendants' conspiracy to manipulate artificially

depressed May contract prices. Memo at "VI.A." Common, class-wide evidence is available to

answer the foregoing common questions on behalf of the entire Class. *Id.*

13. **Superiority**. Rule 23(b)(3) requires a class action be "superior to other available

methods for fairly and efficiently adjudicating the controversy." First, each of the Rule 23(b)(3)

"matters pertinent" to the superiority inquiry supports a finding of superiority. Memo at "VI.B."

Second, permitting Class members to pursue their claims in the aggregate is superior because it will

promote judicial economy and uniformity of decision. *Id.* Third, a class action is superior because

it would not be economic for many Class members to pursue individual actions because of

"negative value claims," *i.e.*, the high cost of litigating the complex claims here would exceed a

potential individual recovery. *Id.*

**WHEREFORE**, the Court should certify the Class, appoint Plaintiff as Class

representative, and appoint Plaintiff's Counsel as counsel for the Class.

Dated: February 19, 2024

Respectfully submitted,

*/s/ Christopher McGrath*
Christopher Lovell
Christopher M. McGrath
**LOVELL STEWART HALEBIAN
JACOBSON LLP**
500 Fifth Avenue, Suite 2440
New York, New York 10110
Telephone:     (212) 608-1900

Marvin A. Miller
Andy Szot
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, Illinois 60603
Telephone:     (312) 332-3400

*Counsel for Plaintiff*