# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MISH INTERNATIONAL MONETARY INC., on behalf of itself and all others similarly situated,<br><br>           *Plaintiff,*<br>   v.<br><br>VEGA CAPITAL LONDON, LTD., et al.,<br><br>           *Defendants*. | Case No. 1:20-cv-04577<br><br>Hon. Manish S. Shah |

## THE TRADER DEFENDANTS' MOTION TO STAY FACT DISCOVERY PENDING THE COURT'S RULING ON CLASS CERTIFICATION

Defendants Paul Commins, George Commins, Christopher Roase, Elliott Pickering, Aristos Demetriou, Connor Younger, James Biagioni, Henry Lunn, Paul Sutton, and Matthew Rhys Thompson (collectively, the "Trader Defendants"), through their undersigned counsel, respectfully move this Court to stay fact discovery, pursuant to Federal Rule of Civil Procedure 26(c), until the Court has ruled on Plaintiff's Motion for Class Certification, ECF No. 303 (the "Class Certification Motion").

In support of this motion, counsel respectfully states as follows:

1.     The discovery that will have to occur over the next three months before fact discovery closes on December 30, 2024, is extensive and will impose significant expense and inconvenience on all parties and multiple non-parties—not to mention the Court, which has already been called upon to resolve discovery disputes and will likely be called upon to do so again in the future. Plaintiff alone has served no less than 52 subpoenas to members of the CME as recently as August 20, 2024. Separately, the Vega Defendants have and will continue to litigate with non-parties over subpoenas to certain large traders for documents and deposition testimony. To that end, there are currently before the court pending motions involving Vitol Inc., BP Products North

America, Inc., Shell Trading (U.S.) Company, and ExxonMobil Oil Corporation.[1]

2. The Vega Defendants are also preparing Rule 30(b)(6) deposition subpoenas for other non-parties. The Trader Defendants, too, are seeking additional discovery from their clearing firm (GH Financials) and the CME in advance of the discovery cut-off, and have scheduled a non-party deposition of a crude oil storage broker for October 9, 2024. Both the Vega Defendants and the Trader Defendants expect to serve additional subpoenas for records and deposition testimony prior to the discovery deadline. And six of the Trader Defendants are scheduled to be deposed before the end of November—three in London and three in Dubai.

3. "The costs associated with discovery in complex class actions can be significant." *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 964 (N.D. Ill. 2011). Here, the expense and effort associated with fact discovery over the next three months—a significant burden for both the parties and non-parties alike—will have been entirely wasted if the Court denies Plaintiff's Class Certification Motion, as the Defendants believe it should. Defendants have advanced compelling arguments to deny class certification and to exclude Plaintiff's expert, who relies on a bespoke and patently unreliable model of price artificiality that has never been accepted by any Court. Last night, Plaintiff filed its reply in support of class certification and opposition to Defendants' motion to exclude Dr. Pirrong's report, along with a 225-page rebuttal report from Dr. Pirrong, two additional rebuttal reports from new experts, and thousands of pages of exhibits. Plaintiff's need for nearly 100 pages of reply briefing, two new experts, and a rebuttal report from Dr. Pirrong that exceeds his initial report by 91 pages, on top

---

[1] *See Vitol, Inc. v. Vega Capital London Limited, et al.*, No. 1:24-cv-01492 (N.D. Ill. 2024); *BP Products North America, Inc. v. Vega Capital London Ltd. et al.*, No. 1:24-cv-04226 (N.D. Ill. 2024); *Shell Trading (US) Company v. Vega Capital London Limited*, No. 1:24-cv-5206 (N.D. Ill. 2024); and *Vega Capital London Limited v. ExxonMobil Oil Corp.*, No. 1:24-cv-07108 (N.D. Ill. 2024).

of its initial 40-page brief and accompanying 134-page initial expert report, only highlights the importance and likely dispositive nature of the class certification decision. ECF Nos. 379, 381.[2]

4. The "denial of class certification [] sometimes end[s] a lawsuit for all practical purposes." *Microsoft Corp. v. Baker*, 582 U.S. 23, 23 (2017). Even if Plaintiff continues to litigate its individual claim after class certification is denied, however, the scope of discovery would become significantly restricted, not least because denial would obviate its need for discovery as to issues that have no bearing on Plaintiff's individual claim. *See* ECF No. 356-1, at 23–29. In that event, much of the anticipated discovery would be rendered irrelevant. And the size of Plaintiff's remaining claim would not justify a scope of discovery that would be appropriate for a $1 billion class action. Indeed, for this very reason, non-party ExxonMobil also recently asked the Court to decide on class certification issues first before deciding on what documents it must produce. In ExxonMobil's words, if class certification is denied and the Defendants are left "facing a single plaintiff's claim for less than $100,000 in damages," then the current scope of discovery will have become "clearly disproportional." *Vega Capital London Ltd. v. ExxonMobil Oil Corp.*, No. 1:24-cv-07108, ECF No. 18, at 23.

5. Likewise, if the Court were to deny the Class Certification Motion only in part, that decision would also considerably reduce the scope of fact discovery, and the associated burden and costs for all involved. For instance, as the Defendants have demonstrated in their briefing, Plaintiff's expert has no model for measuring price impact, and thus no methodology capable of

---

[2] Counsel for the Defendants are still reviewing the briefs, over 300 pages of expert reports, and thousands of pages of exhibits Plaintiff filed overnight. The Court previously indicated that it will not permit a reply without permission. ECF No. 362. After review, Defendants may seek permission to respond to new material or move to strike sandbagged arguments or evidence that could have been submitted with Plaintiff's initial motion and as to which Defendants have had no opportunity to respond. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008) (collecting cases).

estimating classwide damages, for the period just before settlement, when the overwhelming portion of alleged damages occurred. *See* ECF Nos. 355, pp. 31–32; 356-1 ¶ 263. Should the Court narrow Plaintiff's proposed Class Period, eliminating this part of the proposed class, when Plaintiff did not trade and there is no model capable of estimating price impact and no common methodology capable of estimating classwide damages, the claimed classwide damages would drop dramatically. *See* ECF No. 356-1 ¶ 263–64.

6. Finally, a short stay of fact discovery would not prejudice Plaintiff, which at this point has already had more than a year to pursue merits discovery. A stay pending a ruling on the Class Certification Motion would be of only limited duration, and any additional discovery it seeks can be conducted after the stay is lifted without any harm to Plaintiff.

7. Plaintiff's arguments against the requested stay lack merit:

   a. In a joint status report filed on July 12, 2024, Plaintiff suggested that the Court has already ruled on and denied Defendants' request to stay merits discovery until after class certification is decided. ECF No. 367. But Plaintiff mischaracterizes the Defendants' request in January 2023 to bifurcate class certification and merits discovery. ECF No. 198. The parties have now been engaged in both class certification and merits discovery for well over a year, and the class certification issues have been briefed. At this stage, a stay of discovery is entirely consistent with the Court's order that the parties "prioritize" class certification discovery, ECF No. 201, and it is warranted to avoid unduly burdening this Court, the parties, and non-parties, while the Court considers the Class Certification Motion.

   b. Equally unavailing is Plaintiff's suggestion that "this action will be four years old next month and Plaintiff believes it is important to hold the remaining Trader Defendant depositions, and pursue any follow up discovery, as close to the underlying events in April 2020

as is consistent with this Court's Scheduling Order." ECF No. 367. For reasons already known to the Court, those six depositions are not likely to yield any testimony that might change with the passage of time or prompt any follow up discovery. *See* ECF No. 271. A stay of discovery during the limited period while the Court has the Class Certification Motion under consideration will not result in the loss of any evidence. *See Rao v. JPMorgan Chase Bank, N.A.*, 2021 WL 4927415, at *1 (N.D. Ill. May 12, 2021) ("[M]ere delay in plaintiff's ability to proceed to discovery caused by the stay amounts to little, if any, prejudice").

8. For the foregoing reasons, the Trader Defendants respectfully submit that this Court has "good cause" under Federal Rule of Civil Procedure 26(c) to stay the otherwise onerous and potentially unnecessary fact discovery until it has decided the Class Certification Motion.

9. We have conferred with the counsel for the other parties, and the Vega Defendants are not opposed to the requested stay, but Plaintiff opposes it.

Respectfully submitted,                    Dated: September 25, 2024

                                          */s/ Matthew L. Mazur*
                                          Roger A. Burlingame
                                          Matthew L. Mazur
                                          Ryan Dykhouse
                                          DECHERT LLP
                                          25 Cannon Street
                                          London EC4M 5UB
                                          United Kingdom
                                          Telephone: +44 20 7184 7000
                                          Roger.Burlingame@dechert.com
                                          Matthew.Mazur@dechert.com
                                          Ryan.Dykhouse@dechert.com

                                          Steven E. Bizar
                                          Julia Chapman
                                          Tony Leyh
                                          DECHERT LLP
                                          2929 Arch Street
                                          Philadelphia, PA 19104

Telephone: (215) 994-2000
Steven.Bizar@dechert.com
Julia.Chapman@dechert.com
Tony.Leyh@dechert.com

*Attorneys for Paul Commins, George Commins, Christopher Roase, Elliot Pickering, Aristos Demetriou, Connor Younger, James Biagioni, Henry Lunn, Paul Sutton, and Matthew Rhys Thompson*