**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

MISH INTERNATIONAL MONETARY
INC., on behalf of itself and all others similarly
situated,

*v.*

VEGA CAPITAL LONDON, LTD., *et al.*

Case No. 1:20-cv-04577

Judge Manish S. Shah

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

## CORRECTED COPY

**ERRATA**

| Page/Line Number | Correction |
|---|---|
| | |
| 2:5 | Change "contract" to "contradict" |
| 3:15 | Change "analysis" to "opinions" and add "otherwise" before defends |
| 14:10 | Add "99," before "102" |
| *Passim* | Conform abbreviations to expert reports in Exhibit 1 |

## TABLE OF CONTENTS

Preliminary Statement……………………………………………………...…………………………………1

Argument……………………………………………………………………………...……………5

    I.     Legal Standards………………………………………………………..……………5

    II.    Defendants Do Not Address The Scope Of Proper Rebuttal…………..……………6

    III.   Plaintiff's Rebuttal Reports Contradict The Opinions, Analyses, Data, And Criticisms Of Dr. Hendershott……………………………………………...……8

        A.  Rebuttal of Dr. Hendershott's Attacks on Dr. Pirrong's TVP-VAR Model………..……8

        B.  Rebuttal of Dr. Hendershott's Attacks on Dr. Pirrong's "Flash Crash" Opinions…..……12

        C.  Rebuttal of Dr. Hendershott's Alternative But-for World……………………….……13

        D.  Rebuttal of Dr. Hendershott's Attacks on Dr. Pirrong's Storage Opinions……………14

    IV.   Plaintiff's Class Certification Reply And *Daubert* Opposition Fairly Respond To Defendants' Opposition To Class Certification And *Daubert* Motion…………………15

Conclusion……………………………………………………………………………...…..15

Pursuant to the Court's November 11, 2024 Order (ECF No. 412), Plaintiff Mish International Monetary, Inc. ("Plaintiff") respectfully submits this opposition to Defendants' Rule 37(c)(1) motion to strike (ECF No. 413, *i.e.*, "Motion") Plaintiff's three class certification rebuttal expert reports (ECF Nos. 391, 386-3, 386-4), portions of Plaintiff's class certification reply brief (ECF No. 390), and portions of Plaintiff's opposition to Defendants' motion to exclude the testimony of Plaintiff's expert Dr. Craig Pirrong. ECF No. 385 ("*Daubert* Opp. Br.").

## PRELIMINARY STATEMENT

This Court should deny in all respects Defendants' Motion because Defendants have wholly failed even to attempt to meet, much less actually satisfy, this Circuit's standards for striking rebuttal testimony. Each and all of Plaintiff's rebuttal expert opinions constitute proper rebuttal. Defendants also seek to smuggle into their motion to strike a separate motion to permit Defendants to have additional briefing and to take additional discovery. Because Plaintiff's rebuttal reports all satisfy the standards for rebuttal in this Circuit, and because Defendants otherwise fail to satisfy the standards for an additional expert report and an extension of discovery, Defendants' proposed alternative relief should be denied as well.

Federal Rules of Civil Procedure 26(a)(2)(D)(ii) governs rebuttal expert testimony. It provides as follows:

> A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:… (ii) *if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party* under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). Thus, in this Circuit:

> Testimony offered *only* as additional support to an argument made in a case in chief, *if not offered to contradict, impeach or defuse the impact of the evidence offered by an adverse party*, is improper on rebuttal.

*Chicago Joe's Tea Room, LLC v. Village of Broadview*, 94 F.4th 588, 602 (7th Cir. 2024) ("*Chicago Joe's*")

(emphasis added), *quoting Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) ("*Peals*").

*First*, Defendants fail even to try to satisfy their burden to show that any challenged opinion of Plaintiff's experts was not "intended solely to contradict or rebut evidence on the same subject matter identified by another party". *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). Likewise, Defendants fail even to try to show that the rebuttal reports were "not offered to contradict, impeach, or defuse the impact of the evidence offered by an adverse party." *See Chicago Joe's*, 94 F.4th at 602; *Peals*, 535 F.3d at 630. **For this reason alone**, the motion to strike must be denied.

*Second*, though Plaintiff has no burden here, Plaintiff undertakes to demonstrate and does demonstrate below, and in Exhibit 1 hereto, as follows. Every single one of the challenged rebuttal opinions, does in fact contradict, impeach, and/or defuse the impact of specific opinion evidence offered by Defendants' expert (Dr. Hendershott). *See* Exhibit 1 (comparing each challenged rebuttal opinion with the portion of the submission by Dr. Hendershott, which the challenged opinion "is offered to contradict, impeach, or defuse the impact of"). That is, in Exhibit 1, Plaintiff makes the appropriate comparison (indeed, the required comparison) under both the law of this Circuit (*e.g., Chicago Joe's* and *Peals*), and FRCP 26(a)(2)(D)(ii). For this reason as well, Defendants' motion to strike should be denied.

*Third*, implicitly recognizing that Plaintiff's rebuttal opinions are appropriate under FRCP 26(a)(2)(D)(ii) and the law of this Circuit in *Chicago Joe's* and *Peals*, Defendants conspicuously fail to apply the controlling standards for rebuttal testimony and motions to strike such testimony to the facts here. Motion *passim*.

*Fourth*, seeking to dodge the controlling legal standards on this motion, Defendants pretend that the standard for permitting rebuttal evidence is supposedly that any analyses that appear in a rebuttal report and that were not in the initial report are "new analyses" and, accordingly, improper rebuttal. Motion at 5; Ex. 1 (comparing each challenged rebuttal opinion with a portion of Plaintiff's

opening opinions).

However, Defendants' foregoing tactic of comparing the rebuttal report to the opening report has been used by other movants seeking to strike—but has repeatedly been rejected. *See, e.g., Green v. Kubota Tractor Corp.*, No. 09 CV 7290, 2012 WL 1416465, at *5 (N.D. Ill. Apr. 24, 2012) (the "focus is *not* on the similarity between the initial and rebuttal reports, but rather on whether the opinions expressed in a rebuttal report rebut the same subject matter identified in the other party's expert report."); *Bakov v. Consol. World Travel, Inc.,* No. 15 C 2980, 2019 WL 1294659, at *11 (N.D. Ill. Mar. 21, 2019 (same); *Lott v. ITW Food Equip. Grp. LLC,* 10-cv-1686, 2013 WL 3728581, at *23 (N.D. Ill. July 15, 2013) (same); *Cage v. City of Chicago*, No. 09 C 3078, 2012 WL 5557410, at *5 (N.D. Ill. Nov. 14, 2012) (same). Defendants' misuse of the repeatedly rejected "rebuttal report vs. opening report" standard is yet another reason to deny their motion.

In his opening report, in compliance with Rule 26(a)(2)(B), Dr. Pirrong provided a complete statement of all his opinions to be expressed and the reasons thereof in support of Plaintiff's motion for class certification. In fact, in the rebuttal reports, Plaintiff offers the same model, the same supply demand opinions, and otherwise defends the same original opinions contained in Dr. Pirrong's opening report. Plaintiff does so by rebutting the criticisms of Defendants' expert, Dr. Hendershott, and defending the methods that Dr. Pirrong originally used. Dr. Pirrong's rebuttal report references Dr. Hendershott *more than 600 times* and includes 154 citations to Dr. Hendershott's report and testimony. Similarly, Drs. Putnins' and Goodrich's reports are solely directed to responding to Dr. Hendershott's critiques of Dr. Pirrong's opinions, as stated in his opening report.

*Fifth*, as a substitute means to prosecute their motion without following the controlling rule, Defendants repeatedly engage in the tactic of comparing clip quotes or snippets from various cases with various facts in this case. Motion *passim*. Contrary to the repeated misimpressions which

3

Defendants cause through the use of this tactic, the facts in the cases that Defendants clip quote are substantially or even radically different from the facts here. *See* fn. 2, 3, and 4.

*Finally*, this Court earlier entered a Scheduling Order **expressly** providing that Plaintiff could submit "rebuttal expert reports". ECF No. 201 ("Plaintiff's [class certification] reply along with **rebuttal expert reports** is due 4/8/24") (emphasis added); ECF No. 381 (order extending deadline). Based on the foregoing summary, as well as all the reasons developed in detail hereafter, Defendants' "disfavored" motion to strike should be denied in all respects. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (motions to strike are disfavored).

Defendants have not demonstrated any violation of Rule 26(a)(2) that could even begin to support the "drastic remedy" of excluding Plaintiff's rebuttal expert reports and substantial portions of Plaintiff's legal briefing. Defendants' legally unsupported and disfavored Rule 37(c) motion to strike is, in reality, a thinly veiled attempt to obtain the "last word" on Plaintiff's class motion and Defendants' Fed. R. Evid. 702 motion now that their own expert's analyses and opinions have been thoroughly dismantled on rebuttal. However, Defendants' requests for additional depositions, discovery, and further briefing are unsupported because all the challenged rebuttal expert testimony is entirely proper.[1] Defendants' request to further add to the already substantial record on the pending motions is also contrary to the Scheduling Order Defendants stipulated to (ECF No. 201), contrary to the Court's June 21, 2024 Order stating no reply is permitted on Defendants' Fed. R. Evid. 702 motion unless requested by the Court (ECF No. 362), and contrary to the Court's October 18, 2024 Order staying all discovery (ECF No. 407), which Defendants themselves insisted upon over Plaintiff's objections. Indeed, one primary reason the Court granted the stay sought by

---

[1] As such, additional supplementation of the lengthy record in this case is inappropriate. *See Haskins v. First Am. Title Ins. Co.*, No. CIV.A. 10-5044 (RMB), 2013 WL 5410531, at *6 (D.N.J. Sept. 26, 2013) ("Also, since plaintiffs served a proper rebuttal report, defendant's request for leave to serve a 'supplement' is denied. Otherwise, parties would continually ask for leave to serve more and more supplemental expert reports.").

Defendants was to permit the Court time to consider and rule on the class motion *without being burdened with additional disputes and filings*. ECF No. 407. Critically, Defendants do not even attempt to comply with Rule 26(c) by demonstrating "good cause" for lifting the stay of discovery they sought. Defendants' hasty motion even failed to comply with the basic "meet and confer" requirements of Local Rule 37.2 such that it should not even be considered. Case Procedures of Judge Manish S. Shah ("The Court will not hear or consider any discovery motion or non-dispositive dispute unless the movant has complied with the 'meet and confer' requirement of Local Rule 37.2.").

**ARGUMENT**

### I. LEGAL STANDARDS

In seeking exclusion under Rule 37(c)(1), "the moving party bears the burden of showing that its adversary failed [to] timely ... disclose information required by Rule 26." *In re Sept. 11 Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). Exclusion is a "drastic sanction" and, even when a violation exists, a trial court is precluded from imposing exclusion "unless it finds the party's failure to comply with Rule 26(a) was both unjustified and harmful." *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000); *see also* Rule 37(c)(1). Motions to strike are "disfavored," particularly at the class certification stage. *See Heller*, 883 F.2d at 1294.

Quite plainly, there can be no violation of Rule 26(a)(2) where, as here, Plaintiff's rebuttals were timely served in accordance with the Court's Scheduling Order. *See Cage v. City of Chi.*, 2012 U.S. Dist. LEXIS 163026, at *5 (N.D. Ill. 2012) ("If, as here, the court's scheduling order permits rebuttal experts and opinions, a party may submit an expert rebuttal witness who is limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures.") (internal quotation and citation omitted). Rule 26(a)(2)(D)(ii) allows for rebuttal where the "evidence is intended solely to contradict or rebut evidence of the same subject matter identified by another party[.]" As demonstrated below, the challenged rebuttals do exactly that. They

5

achieve what the Court of Appeals has repeatedly characterized as "[t]he proper function of rebuttal evidence[:] to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peals*, 535 F.3d at 630 (quotation omitted).

## II. DEFENDANTS DO NOT ADDRESS THE SCOPE OF PROPER REBUTTAL

Unable to satisfy the controlling legal standards, Defendants substitute what has been explicitly recognized to be the incorrect legal standard: do the rebuttal reports overlap with Dr. Pirrong's opening report? Defendants simply compare the analyses in the rebuttal reports to the analyses in Dr. Pirrong's initial report and claim that any analyses that were not in the initial report are "new" and, for this reason, improper. Motion *passim*. This type of comparison—plainly evidenced in Defendants' Exhibit A, "List of New Analyses"—has been repeatedly rejected.

Critically, the "focus is *not* on the similarity between the initial and rebuttal reports, but rather on whether the opinions expressed in a rebuttal report rebut the same subject matter identified in the other party's expert report." *Kubota Tractor Corp.*, No. 09 CV 7290, 2012 U.S. Dist. LEXIS 56770, 2012 WL 1416465, at *5 (emphasis added); *see also ITW Food Equip. Grp. LLC,* 2013 WL 3728581, at *23 (same). An inquiry that focuses on whether the rebuttal opinion could have been offered as part of the initial expert disclosures would open the doors to "vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a particular criticism would forever bar the expert from later introducing relevant material." *City of Gary v. Paul Shafer*, No. 2:07 CV 56, 2009 U.S. Dist. LEXIS 41004, at *14 (N.D. Ind. May 13, 2009).[2]

---

[2] The cases Defendants cite to support their assertion that the contents of the challenged rebuttals should have been included in Dr. Pirrong's opening report are inapposite. *See Motion* at 8-9, citing *Bowman v. Int'l Business Mach. Corp.*, 2013 WL 1857192, *6-8 (S.D. Ind. May 2, 2013) (untimely filed rebuttal reports were improper because, *inter alia*, they changed the methodology for identifying class members and presented an entirely new damages analysis/formula); *Africano v. Atrium Med. Corp.*, 2019 WL 5085338, *1-4 (N.D. Ill. Oct. 10, 2019) (striking rebuttal report that only cited defendant's expert opinions in two places and as to undisputed facts); as demonstrated in n.5 *infra*, *Oracle America, Inc. v. Google, Inc.*, 2011 WL 5572835, *3-4 (N.D. Cal. Nov. 15, 2011), is inapplicable. And the three out-of-circuit cases cited for what qualifies as proper

In this regard, "[w]hile a rebuttal expert report must address the same subject matter as the report it critiques, limiting its analysis only to those methods proposed by the first expert 'would impose an additional restriction on parties that is not included in the Rules.'" *Ernst*, 2013 U.S. Dist. LEXIS 127993, *5 (citations omitted). Thus, "[i]f they are offered to contradict or rebut the other party's report, an expert may introduce new methods of analysis in a rebuttal report." *Id.* (citations omitted). For the same reason, rebuttal experts also may rely on evidence not included in the expert's initial report. *See City of Gary,* 2009 U.S. Dist. LEXIS 41004, at *14-15; *see also Ernst*, 2013 U.S. Dist. LEXIS 127993 at *5. Finally, while Defendants claim Plaintiff is not entitled to have "new" experts on rebuttal (Motion at 11, 13), this is contradicted by the express terms of the Court's Scheduling Order (*see* ECF 201), and wrong as a matter of law.[3] "District courts routinely permit new experts for rebuttal purposes and permit rebuttal experts to use new methodologies to rebut the opinions of the opposing expert." *Little v. Washington Metro. Area Transit Auth.*, 249 F. Supp.3d 394, 416 (D.D.C. 2017); *see also In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 660–61 (7th Cir. 2002) ("The plaintiffs rebutted with still another expert…."); *Haymer v. Countrywide Bank, FSB*, 2013 U.S. Dist. LEXIS 131036, *2 (N.D. Ill. Sept. 13, 2013) ("[t]he mere fact that Plaintiff has to rely on a

rebuttal are factually distinguishable. *See* Motion at 11-12 *citing In re Florida Cement and Concrete Antitrust Litig.*, 278 F.R.D. 674, 683-84 (S.D. Fla. 2012) (improper to offer supplemental analysis as to common evidence of impact after offering initial report in which expert said he could not conclude whether impact could be shown); *In re: High-Tech Employee Antitrust Litig.*, 2014 WL 1351040, *9-13 (N.D. Cal. April 4, 2014) (granting motion to strike only as to a portion in of report in which expert – who had submitted four reports – argued for the first time something that should have been included in one of his previous *reports*); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 2008 WL 3179315, *11 (D. Nev. June 20, 2008) (summarily striking, without any analysis, supplemental declaration).

[3] Defendants point to nothing in Rule 26(a)(2)(D)(ii) restricting expert rebuttal to the originally designated expert. *See Iskenderova v. Miller*, 2019 Colo. Dist. LEXIS 3020, *6 (D.C. Colo. Oct. 7, 2019) ("By its terms, Rule 26(a)(2)(C)(III) does not restrict a rebuttal opinion to the plaintiff's originally designated expert..."). Defendants cite three cases in which rebuttal testimony was held improper because of issues not present here. *See* Motion at 11 *citing Oracle*, 2011 WL 5572835, *3-4 (plaintiff, who violated case management order, could not use new expert on rebuttal after *Daubert* motion largely granted as to initial expert); *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 158-60 (S.D. Ind. 2009) ("supplemental" expert testimony was improper after original report, "which contained merely general conclusions"); *In re Asbestos Prods. Liab. Litig.*, 2012 WL 661673, *3 (E.D. Pa. Feb. 8, 2012) (rebuttal report did not even address defendant's experts' opinions).

new expert [on rebuttal] ... is not evidence that the report will constitute improper bolstering.").

### III. PLAINTIFF'S REBUTTAL REPORTS CONTRADICT THE OPINIONS, ANALYSES, DATA, AND CRITICISMS OF DR. HENDERSHOTT

Defendants' Exhibit A purports to identify the supposedly improper "new analyses" in Plaintiff's rebuttal reports that Defendants claim is improper. Plaintiff's Exhibit 1 responds in detail and identifies the exact subjects of Dr. Hendershott's report and opinions to which each of Plaintiff's experts specifically responds. *No* rebuttal report or opinion purports to change, correct, or supplant any opinion Dr. Pirrong offered in his initial expert report. As the following examples serve to illustrate, Plaintiff's rebuttal experts' disciplined analyses and opinions are proper rebuttal.[4]

#### A. Rebuttal of Dr. Hendershott's Attacks on Dr. Pirrong's TVP-VAR Model

---

[4] Defendants' other cited cases at pages 10-13 of their Motion are wholly inapplicable. *See Brent-Bell v. City of Chicago*, 2021 WL 1517883, *2 (N.D. Ill. Apr. 16, 2021) (portions of rebuttal report which merely restated/reinforced original opinions were improper); *Lowe v. CVS Pharmacy, Inc.*, 2017 WL 2152385, *2 (N.D. Ill. May 17, 2017) (striking three paragraphs of rebuttal report addressing issue on which opposing expert had not opined); *Berkheimer v. Hewlett-Packard Co.*, 2016 WL 3030170, *4-6 (N.D. Ill. May 25, 2016) (denying leave to file supplemental expert report with alternative damages theory after deadline passed); *Sloan Valve Co. v. Zurn Indus., Inc.*, 2013 WL 3147349, *2-4 (N.D. Ill. June 19, 2013) (new, alternative approach to calculating damages held improper). *See also* n. 2 *supra*, distinguishing *Bowman*, 2013 WL 1857192, *6-8.

█████ Plaintiff's expert rebuttal evidence—which exposes the errors central to each of these attacks—directly contradicts the *exact same* "subject matter" identified by Dr. Hendershott. *See* Exhibit 1.

*Refuting Dr. Hendershott's Attacks Against Dr. Pirrong's Choice of Model*. ████████

████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████████

████████ Dr. Putnins addresses Dr. Hendershott's attack on Dr. Pirrong's choice of model.

████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████ █████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

_____

█ ██████████████████████████████████████████████
███████████████████████████████████

██████████████████████████████ ███████████████████████

███████████████████████████████████████

████████████████████████ Thus, Dr. Putnins' opinions regarding Dr. Pirrong's

modeling choice are pure rebuttal: he exposes as *false* Dr. Hendershott's claim to have used a

standard Hasbrouck VAR; he correctly applies the model Dr. Hendershott says should be used; he

explains why the data, when accurately reported, vitiate Dr. Hendershott's VAR-based criticisms;

and shows that the empirical data, and the limits of a constant coefficient VAR, support Dr.

Pirrong's modeling choice.

   *Refuting Dr. Hendershott's Reliability Attacks Against Dr. Pirrong's Model.* ███████████

███████████████████████████████

████████████████████████████

█████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

█████████████████████████████

███████████████████████████████

██████████████████████████████

███████████████████████████████

███████████████████████

---

6 ███████████████████████████████
███████████████████████████████████
██████████████ This explicitly contradicts Dr. Hendershott's opinions regarding the alleged superiority of
the standard VAR.



In

sum, Plaintiff's experts' rebuttals relating to Dr. Hendershott's attacks against Dr. Pirrong's TVP-

VAR model "contradict, impeach [and] defuse" Dr. Hendershott's deeply flawed analyses, and are

properly limited to rebutting evidence on the same subject matters in Dr. Hendershott's report.

**B. Rebuttal of Dr. Hendershott's Attacks on Dr. Pirrong's "Flash Crash" Opinions**

_____

[10] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
Defendants do not challenge the reliability of Dr. Pirrong's market microstructure analyses, but instead advance a series of merits-based arguments Dr. Pirrong directly addresses in his rebuttal report. *See* Exhibit 1.
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████ █

██ This is textbook rebuttal.[12]

### C. Rebuttal of Dr. Hendershott's Alternative But-for World

Dr. Pirrong's TVP-VAR quantifies the impact of trades on prices, and then estimates what prices would have been by inputting only non-Defendant trades into the model—*i.e.*, the "but for" price." ██████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

─────────────────────────

██ ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

### D.  Rebuttal of Dr. Hendershott's Attacks on Dr. Pirrong's Storage Opinions

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

─────────────────────

■ ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████

### IV. Plaintiff's Class Certification Reply And *Daubert* Opposition Fairly Respond To Defendants' Opposition To Class Certification And *Daubert* Motion

"There is no mechanism in the Federal Rules of Civil Procedure to strike briefs." *Hoppe v. Lewis Univ.,* 09-cv-03430, 2011 WL 4578352, at *5 (N.D. Ill. Sept. 30, 2011), *aff'd*, 692 F.3d 833 (7th Cir. 2012); *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006) (Easterbrook, J.) (a motion to strike portions of a legal brief "does nothing but squander time."). Indeed, Defendants have not cited any case that struck legal briefs or portions of legal briefs, let alone because of citations to supposedly improper rebuttal expert testimony. Motion, *passim.* Like the rebuttal reports, Plaintiff's class certification reply brief and opposition to Defendants' motion to exclude were submitted pursuant to the Court's scheduling order. Plaintiff's legal briefs "fairly respond" to the many different arguments, issues, and record evidence in Defendants' joint opposition to class certification, the Vega Defendants' supplemental opposition, and Defendants' motion to exclude. *Franek v. Walmart Stores, Inc.*, 08-cv-1313, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009) (there is no need for a surreply when "[e]ach brief in the sequence on the motion fairly responded to the arguments in the brief that preceded it."). Defendants' sole argument in support of their draconian request is that the two briefs cite to and rely upon rebuttal expert testimony. Motion at 14-15. However, for the reasons set forth above, all of Plaintiff's rebuttal expert testimony satisfies Rule 26(a)(2)(D)(ii) and is otherwise proper rebuttal.

### CONCLUSION

For the foregoing reasons, Defendants' motion should be denied in its entirety.

Dated: December 5, 2024

Respectfully submitted,

/s/ Christopher M. McGrath
Christopher Lovell
Christopher M. McGrath
Benjamin Jaccarino
Travis H. Carter
**LOVELL STEWART HALEBIAN
JACOBSON LLP**
500 5th Avenue, Suite 2440
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

Jamison A. Diehl
**THE LAW OFFICE OF JAMISON A. DIEHL
LLC**
500 Fifth Avenue, Suite 2440
New York, NY 10110
Telephone: (212) 500-5049
jdiehl@jdnylaw.com

Marvin A. Miller
Andy Szot
**MILLER LAW LLC**
53 W. Jackson Boulevard, Suite 1320
Chicago, Illinois 60604
Telephone: (312) 332-3400

*Counsel for Plaintiff and Proposed Class Counsel*