UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MISH INTERNATIONAL MONETARY INC., on behalf of itself and all others similarly situated, <br><br> *v.* <br><br> VEGA CAPITAL LONDON, LTD., *et al.* | Case No. 1:20-cv-04577 <br><br> Honorable Manish S. Shah |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 37 MOTION TO COMPEL DEFENDANTS VEGA CAPITAL LONDON, LTD., AND ADRIAN SPIRES TO PRODUCE DOCUMENTS**

**TABLE OF CONTENTS**

I. LEGAL STANDARD………………………………………………………………………1

II. ARGUMENT……………………………………………………………………………...2

    A. The Documents Sought by the Requests are Highly Relevant, Proportional to the Needs of this Important Case, and Not Privileged……………..………..2

    B. Vega and Spires' Limited Objections Cannot Satisfy Their Burden To Demonstrate with Specificity That the Requests are Improper…………………..3

CONCLUSION……………………………………………………………………………….6

## **Table of Authorities**

**Cases**                                                                                                       Page(s)

*Am. Tobacco Co. v. United States*,
   147 F.2d 93 (6th Cir. 1944) ................................................... 4, 5

*Fed. Deposit Ins. Corp. for Valley Bank v. Crowe Horwath LLP*,
   2018 WL 3105987 (N.D. Ill. June 25, 2018) ................................. 1, 2

*Food Lion, LLC v. Dean Foods Co.*,
   2017 WL 11681188 (E.D. Tenn. Mar. 20, 2017) ................................. 5

*In re Outpatient Med. Ctr. Emp. Antitrust Litig.*,
   2023 WL 4181198 (N.D. Ill. June 26, 2023) ................................... 3

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
   2009 WL 10703132 (D.D.C. July 13, 2009) .................................... 4

*In re Shopping Carts Antitrust Litig.*,
   95 F.R.D. 299 (S.D.N.Y. 1982) ............................................... 6

*Kleen Prod. LLC v. Packaging Corp. of Am.*,
   2012 WL 4498465 (N.D. Ill. Sept. 28, 2012) .................................. 1

*Kleen Prod. LLC v. Packaging Corp. of Am.*,
   2013 WL 120240 (N.D. Ill. Jan. 9, 2013) .................................... 4

*Mendez v. City of Chicago*,
   2020 WL 4736399 (N.D. Ill. Aug. 14, 2020) .................................. 1

*Meyer v. S. Pac. Lines*,
   199 F.R.D. (N.D. Ill. 2001) ................................................ 2

*Mish Int'l Monetary Inc. v. Vega Cap. London, Ltd.*,
   648 F. Supp. 3d 980 (N.D. Ill. 2022) ....................................... 3

*Morse v. Abbott Laboratories*,
   1991 WL 262896 (N.D. Ill. Dec. 6, 1991) .................................... 3

*Nammari v. Town of Winfield*,
   2010 WL 1286733 (N.D. Ill. March 29, 2010) ................................. 2

*Rubin v. Islamic Republic of Iran*,
   349 F.Supp.2d 1108 (N.D. Ill. 2004) ........................................ 1

*Shapo v. Engle*, No. 98 C,
  2000 WL 876994 (N.D. Ill. July 3, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*SinglePoint Direct Solar LLC v. Solar Integrated Roofing Corp.*
  2023 WL 2585296 (D. Ariz. Mar. 21, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Smith v. Aon Corp.*, No. 04 C,
  2007 WL 495306 (N.D. Ill. Feb. 14, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Acevedo-Hernandez*,
  898 F.3d 150 (1st Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Caporale*,
  806 F.2d 1487 (11th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Heras*,
  609 F.3d 101 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Young v. City of Chicago*,
  2017 WL 25170 (N.D. Ill. Jan. 3, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Ziemack v. Centel Corp.*,
  1995 WL 314526 (N.D. Ill. May 19, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Rules**

Fed. R. Civ. P. 37(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed R. Civ. P. 37(a)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Plaintiff Mish International Monetary, Inc. ("Plaintiff") respectfully submits this memorandum of law in support of its Motion pursuant to Rule 37(a) of the Federal Rules of Civil seeking an order compelling defendants Vega Capital London Ltd. ("Vega") and Adrian Spires ("Spires") to produce documents in response to Requests 1, 13, and 14 of Plaintiff's third Rule 34 document request. Plaintiff has complied with Local Rule 37.2. *See* Declaration of Benjamin M. Jaccarino, Esq., ("Jaccarino Decl."), Ex. A.

I. **LEGAL STANDARD**

Rule 26(b)(1) governs the scope of discovery:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 37(a)(3)(B) provides "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if…a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." The moving party has the initial burden to demonstrate the relevance of the requested discovery. *See, e.g., Mendez v. City of Chicago*, 18-cv-6313, 2020 WL 4736399, at *3 (N.D. Ill. Aug. 14, 2020). "Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Fed. Deposit Ins. Corp. for Valley Bank v. Crowe Horwath LLP*, 17-cv-04384, 2018 WL 3105987, at *2 (N.D. Ill. June 25, 2018) *citing Rubin v. Islamic Republic of Iran,* 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004)). The scope of discovery in antitrust cases is broad. *See, e.g., Kleen Prod. LLC v. Packaging Corp. of Am.*, 10-cv-5711, 2012 WL 4498465, at *13 (N.D. Ill. Sept. 28, 2012) ("[D]irect evidence of an anticompetitive conspiracy is often difficult to obtain, and the existence of a conspiracy frequently

can be established only through circumstantial evidence, such as business documents and other records.").

Once relevancy has been demonstrated, the burden shifts and "'[t]he party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant.' The objecting party must meet its burden 'with specificity.'" *Young v. City of Chicago*, No. 13 Civ. 5651, 2017 WL 25170, at *9 (N.D. Ill. Jan. 3, 2017); *Nammari v. Town of Winfield*, 2010 WL 1286733* at *2 (N.D. Ill. March 29, 2010) ("The objecting party must show with specificity that the request is improper."); *Smith v. Aon Corp.*, No. 04 C 6875, 2007 WL 495306, at *2 (N.D. Ill. Feb. 14, 2007) ("The party opposing the discovery request…has the burden 'to show why a particular discovery request is improper.'") (quoting *Meyer v. S. Pac. Lines*, 199 F.R.D. 612 (N.D. Ill. 2001)).

## II.  ARGUMENT

### A.  The Documents Sought by the Requests are Highly Relevant, Proportional to the Needs of this Important Case, and Not Privileged

**Relevancy**.  The scope of discovery under Rule 26(b)(1), and antitrust cases in particular, is broad.  *See* "I" above.  "Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Fed. Deposit Ins. Corp,*, 2018 WL 3105987, at *2.  Plaintiff has demonstrated the Requests seek highly relevant information. Motion, ¶¶1-5, 20-25.

**Proportionality**.  Rule 26(b)(1) sets forth six factors relevant to the determination of whether discovery is "proportional to the needs of the case."  *See* "I" above.  Plaintiff has demonstrated the discovery sought by the Requests are "proportional to the needs" of this case. Motion, ¶¶6-19.

**Non-Privileged**.  The Requests do not seek privileged information, and Vega and Spires have not raised any specific privilege concerns.  Jaccarino Decl., Ex. C.  Plaintiff has no objection to

Vega and Spires withholding any privileged materials responsive to the Requests provided an adequate privilege log is produced.

### B. Vega and Spires' Limited Objections Cannot Satisfy Their Burden To Demonstrate with Specificity That the Requests are Improper

Once relevancy is established, the burden shifts to the party opposing the discovery (here, Vega and Spires) who have the burden of demonstrating with specificity that the requested discovery is improper. *Young v. City of Chicago*, 2017 WL 25170, at \*9. The limited objections raised by Vega and Spires in response to the Requests do not satisfy their burden and should be overruled. Motion, ¶¶6-10, 26.

**Request 1 (Search Terms).** First, as this Court has already recognized, prior instances of Defendants' manipulative conduct are indeed relevant to Plaintiff's claims. *Mish Int'l Monetary Inc. v. Vega Cap. London, Ltd.*, 648 F. Supp. 3d 980, 991 (N.D. Ill. 2022) ("the court agrees, that the combination of the Trading Defendants' *prior conduct*, Vega's financial stake, *and* the increased trading limits—obtained on April 20, just one month after the Trading Defendants' March 19 alleged manipulation—plausibly indicate that Vega and Individual A [Defendant Spires] had agreed to join the Trading Defendants' alleged scheme.") (emphasis supplied); *see also Morse v. Abbott Lab'ys*, 90-cv-1982, 1991 WL 262896, at \*2 (N.D. Ill. Dec. 6, 1991) (defendants' knowledge of violations that may have existed during two-years prior to class period was reasonably calculated to lead to the discovery of evidence concerning defendants' knowledge during the class period).

Second, district courts routinely permit discovery to go back two or more years before the start of the class period in antitrust cases. *See, e.g.*, *Ziemack v. Centel Corp.*, 92-cv-3551, 1995 WL 314526, at \*2 (N.D. Ill. May 19, 1995) (class period dates do not dictate permissible dates of discovery); *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, 21-CV-305, 2023 WL 4181198, at \*5 (N.D. Ill. June 26, 2023) (class action alleging a violation of Section 1 of the Sherman Act in which the court collected cases and thereafter permitted discovery of two-year period predating the beginning

3

of defendant's involvement in the alleged conspiracy); *Kleen Prod. LLC v. Packaging Corp. of Am.*, 10-CV-5711, 2013 WL 120240, at *8–9 (N.D. Ill. Jan. 9, 2013) (ordering defendants to produce documents as to their "conduct" as far back as January 1, 2003 where plaintiffs alleged a class period, and price-fixing in violation of Sherman Act, beginning in 2005); *In re Rail Freight Fuel Surcharge Antitrust Litig.* 2009 WL 10703132, at *1 (D.D.C. July 13, 2009) (permitting discovery period to begin two years and two months before the start of the class period).

Third, the total hit count concerning Request 1 is far below substantially higher hit counts which were found to *not* be overly burdensome in other cases. *Outpatient Med. Ctr. Emp. Antitrust Litig.*, 2023 WL 4181198, at *8-12 (in antitrust conspiracy case, rejecting defendant's burden argument and granting motion to compel documents returned by plaintiffs' proposed search terms and custodians that "hit" on over one million documents); *SinglePoint Direct Solar LLC v. Solar Integrated Roofing Corp.*, 21-CV-01076 (PHX) (JAT), 2023 WL 2585296, at *1, *3 (D. Ariz. Mar. 21, 2023) (overruling undue burden objection where search terms 'hit' on almost 300,000 documents).

**Requests 13 and 14 (Financial Transactions).** Courts have found financial transactions among conspirators highly relevant to indicate whether there was an agreement, whether payoffs were made, why consideration is being exchanged between the alleged conspirators, and related matters. *E.g., United States v. Heras*, 609 F.3d 101, 110 (2d Cir. 2010) ("anticipated compensation" in exchange for assistance with the conspiracy "support[s] a jury inference that a defendant knows and has adopted the conspiracy's goals."); *United States v. Acevedo-Hernandez,* 898 F.3d 150, 162–63 (1st Cir. 2018) (jury could reasonably find that a federal judge voluntarily participated in a conspiracy to acquit a certain defendant where the evidence showed the judge received numerous monetary and other benefits, also expecting subsequent appointment to the Court of Appeals and certain lucrative jobs for his brother and nephew); *Am. Tobacco Co. v. United States,* 147 F.2d 93, 118 (6th Cir. 1944), *aff'd,* 328 U.S. 781, 66 S. Ct. 1125, 90 L. Ed. 1575 (1946) (affirming criminal conviction of tobacco

4

company defendants for conspiracy to restrain trade, attempted monopoly and monopolization in violation of Sherman Act; district court correctly allowed evidence of 'bonuses' paid to certain officials of the various corporations as bearing on the possible motive of such officials to act in combination, in accordance with an understanding- perhaps, tacit- for the purpose of financial gain); *Food Lion, LLC v. Dean Foods Co.,* No. 2:07-CV-188, 2017 WL 11681188, at *1–2 (E.D. Tenn. Mar. 20, 2017) (in antitrust case the court, relying on *Am. Tobacco Co., supra,* states that "[e]vidence of payments made to the players or participants of a conspiracy may be admissible to show motive, incentive, or justification for participating in the conspiracy" and holds that plaintiffs could offer evidence of $1 million payment to defendant Brubaker to show an incentive for his participation in and facilitation of the conspiracy, and can also offer evidence regarding defendant "Engles' receipt of $180 million in income and $50 million in Dean stock during the conspiracy period since that may be relevant to proving motive"); *United States v. Caporale*, 806 F.2d 1487, 1495-1497, 1501-1502 (11th Cir. 1986) (where defendants conspired to receive kickbacks and stock in exchange for using their influence to procure certain Union health and insurance benefits contracts, and received such kickbacks through various "dummy" and other companies that were set up and controlled either by defendants or third persons cooperating with defendants, the court affirmed defendants' convictions for federal racketeering and stated it was in the province of the jury to determine from the evidence, among other things, whether the payments to the corporations and stock issued were connected to the kickback scheme and whether certain defendants receiving payments from those corporations were part of that kickback scheme.); *Shapo v. Engle*, No. 98 C 7909, 2000 WL 876994, at *3 (N.D. Ill. July 3, 2000) (where complaint alleges "complex RICO conspiracy to defraud involving a network of transactions between various companies, subsidiaries, and affiliates" court grants plaintiff's motion to compel production of documents tracing the transfer of cash and/or assets between various entities, entities, not just a few, as such discovery is relevant to the subject matter of the action); *In re*

5

*Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 309 (S.D.N.Y. 1982) (granting plaintiffs' motion to compel answers to interrogatories directed to sales and profits of companies allegedly involved in price fixing conspiracy since "[a] dramatic and sudden change might tend to indicate that a conspiracy did exist" and the data "will also provide plaintiffs with information relevant to damages").

## CONCLUSION

The Court should enter an Order compelling Defendants Vega and Spires to search for and produce non-privileged documents responsive to Requests 1, 13 and 14.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Christopher Lovell*
Christopher Lovell
Christopher McGrath
Benjamin Jaccarino
Travis Carter
**LOVELL STEWART HALEBIAN
   JACOBSON LLP**
500 Fifth Avenue, Suite 2440
New York, NY 10110
Tel: (212) 608-1900
clovell@lshllp.com
cmcgrath@lshllp.com
bjaccarino@lshllp.com
tcarter@lshllp.com

Marvin A. Miller
Andrew Szot
**MILLER LAW LLC**
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400
mmiller@millerlawllc.com
aszot@millerlawllc.com

*Counsel for Plaintiff and Class*