**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MISH INTERNATIONAL MONETARY INC., on behalf of itself and all others similarly situated, | |
| *Plaintiff,* | Case No. 1:20-cv-04577 |
| *v.* | Honorable Manish S. Shah |
| VEGA CAPITAL LONDON, LTD., et al., | Magistrate Judge Jeffrey T. Gilbert |
| *Defendants.* | |

**DEFENDANTS VEGA CAPITAL LONDON LIMITED AND ADRIAN SPIRES'**
**UNOPPOSED MOTION FOR A PROTECTIVE ORDER**

Pursuant to Rules 26(c)(1) and 30(b)(1) of the Federal Rules of Civil Procedure,

Defendants Vega Capital London Limited ("Vega") and Adrian Spires hereby move this Court

for the entry of a protective order concerning the anticipated deposition of Richard Stoker.  Vega

and Mr. Spires have consulted with counsel for Plaintiff, the Trader Defendants, and Mr. Stoker

about this motion, and none oppose it.  In support of this motion, Vega and Mr. Spires state as

follows:

1.      Richard Stoker is an Executive Director of CME Group Inc. ("CME") and is

based in London, England.  For many years, Mr. Stoker has worked in a business development

role for CME.  Vega and Mr. Spires understand from counsel for Mr. Stoker that Mr. Stoker's

role for CME does not include any responsibilities for investigation or enforcement of CME

rules.

2.      Believing that Mr. Stoker can provide testimony that would be admissible in this

case, counsel for Vega and Mr. Spires contacted counsel for Mr. Stoker and asked if Mr. Stoker

would appear for a deposition voluntarily and without the need for the issuance of a letter

rogatory to the U.K. Royal Courts of Justice. Mr. Stoker's counsel agreed that he would appear voluntarily for a deposition if there was a protective order in place limiting the time and subjects for the deposition and allowing Mr. Stoker to appear remotely for the deposition from London.

3. After discussions among counsel for the parties and Mr. Stoker, it was agreed that Mr. Stoker would appear remotely for the deposition from London and that the time of the deposition would be limited to a total of two hours, with one hour of questioning (either on direct or redirect) being allocated to Defendants and one hour of questioning being allocated to Plaintiff. The parties and Mr. Stoker's counsel further agreed that the deposition would be limited to twelve topics, six proposed by Vega and Mr. Spires and six proposed by Plaintiff.

4. The six topics proposed by Vega and Mr. Spires are the following: (i) Mr. Stoker's background and professional roles at CME; (ii) the nature, purpose, and operation of CME's International Cross-Asset Incentive Program (in which Vega participated); (iii) announcements by CME concerning the possibility of negative prices in oil futures contracts on CME markets in April 2020; (iv) Mr. Stoker's communications with Mr. Spires during April 2020 concerning oil futures contracts, the reasons for those communications, and Mr. Stoker's intent in sending those communications to Mr. Spires; (v) the absence of any communications between Mr. Stoker and Mr. Spires concerning restrictions on trading oil futures contracts in the midst of a pandemic after CME announced the possibility of negative prices; and (vi) Mr. Stoker's communications with other trading arcades and their traders in London between April 13, 2020 and April 20, 2020 concerning the trading of oil futures contracts on CME markets.

5. The six topics proposed by Plaintiff are the following: (i) Mr. Stoker's experience as a futures trader, including his experience with or knowledge about disruptive trading practices such as using the TAS mechanism in connection with efforts to influence futures prices; (ii) the

Defendants, including their trading history, statements they made prior to or after April 20, 2020, their trading and communications relating to the penultimate day of trading in the April and May 2020 WTI contracts, and the CME's disciplinary actions involving certain Defendants; (iii) market participants in the oil and derivatives markets, including their reactions to what occurred on April 20, 2020; (iv) trading on the International Petroleum Exchange, including abusive TAS trading by market participants; (v) Tower Trading and various persons at Tower Trading including certain Defendants; and (vi) any trading on and before April 20, 2020 in oil contracts by Goldman Sachs or related entities, Goldman's large reported profits from in or around April 2020, and relationships between and among Goldman employees or agents and Defendants.

6. None of the parties object to the deposition being limited to the twelve subjects set forth in Paragraphs 4 and 5 above.

7. Rule 26(c)(1) states that a party may move for a protective order, among other places, in the court where the action is pending. The Court may, for good cause, issue an order to protect a party or a person from undue burden or expense, including "specifying terms, including time and place . . . for the disclosure or discovery" or "limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(B), (D). Good cause exists in this case because a protective order would permit the parties to pursue evidence in the most efficient way and without the need of burdening this Court or the United Kingdom Royal Courts of Justice with the issuance of a letter rogatory to compel a deposition of Mr. Stoker. Good cause also exists because all of the parties have agreed to the terms of the proposed protective order. Prior to the filing of this motion, counsel for Vega and Mr. Spires shared a written copy of this motion with counsel for Plaintiff, the Trader Defendants, and Mr. Stoker, and none oppose it.

Accordingly, Vega and Mr. Spires respectfully request that the Court grant their unopposed motion and enter a protective order permitting a remote deposition of Mr. Stoker while limiting the deposition to no more than two hours (with one hour allocated to Defendants and one hour allocated to Plaintiff) and limiting the subjects of the deposition to the twelve topics identified in Paragraphs 4 and 5 above.

Dated: February 19, 2026

Respectfully submitted,

VEGA CAPITAL LONDON LIMITED
and ADRIAN SPIRES

By: */s/ Michael P. Kelly*
Michael P. Kelly
AKERMAN LLP
750 Ninth Street, N.W., Suite 750
Washington, DC 20001
(202) 393-6222
michael.kelly@akerman.com

Joel S. Forman
AKERMAN LLP
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
(212) 880-3800
joel.forman@akerman.com

Amy Graham Doehring
Shawn M. Taylor
Lauren Goddard
AKERMAN LLP
71 S. Wacker Drive, 47th Floor
Chicago, IL 60606
(312) 634-5700
amy.doehring@akerman.com
shawn.taylor@akerman.com
lauren.goddard@akerman.com

*Attorneys for Vega Capital London Limited
and Adrian Spires*

4

## CERTIFICATION OF COUNSEL

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Local Rule 37.2 for the United States District Court for the Northern District of Illinois, I certify that I have conferred in good faith with Christopher McGrath, counsel for Mish International Monetary Inc., Matthew Mazur, counsel for the Trader Defendants, and Shari Brandt, counsel for non-party Richard Stoker, concerning this motion for a protective order.  I have conferred with each of the parties on a number of dates over the telephone/videoconference and in writing (including by providing a copy of the written motion in advance of its filing).  Each have agreed that they do not oppose the motion for the protective order concerning Mr. Stoker's deposition.

*/s/ Michael P. Kelly*
Michael P. Kelly
Counsel for Vega Capital London Limited
and Adrian Spires.

5